**Kenneth L. MAYNARD,**
**Plaintiff, Appellant,**

v.

**NARRAGANSETT INDIAN TRIBE,**
**Defendant, Appellee.**

**No. 92–2106.**

United States Court of Appeals,
First Circuit.

Heard Jan. 5, 1993.
Decided Jan. 27, 1993.

---

Before CYR, Circuit Judge, CAMPBELL, Senior Circuit Judge, and BOUDIN, Circuit Judge.

CYR, Circuit Judge.

Kenneth L. Maynard appeals from a judgment dismissing his claim for injunctive relief against the Narragansett Indian Tribe. The district court determined that the Tribe possessed sovereign immunity from suit. We affirm for substantially the same reasons stated in Section III.A of the district court memorandum and order of dismissal. 798 F.Supp. 94.

"Indian tribes have long been recognized as possessing the common-law immunity from suit traditionally enjoyed by sovereign powers." *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 58, 98 S.Ct. 1670, 1677, 56 L.Ed.2d 106 (1978); *see Oklahoma Tax Comm'n v. Citizen Band Potawatomi Indian Tribe of Oklahoma*, 498 U.S. 505, ——, 111 S.Ct. 905, 909, 112 L.Ed.2d 1112 (1991); *Bottomly v. Passamaquoddy Tribe*, 599 F.2d 1061, 1066 (1st Cir.1979). Although sovereign immunity may be waived by the tribe, or abrogated by Congress, *see Oklahoma Tax*, 498 U.S. at ——, 111 S.Ct. at 910, its relinquishment "*cannot be implied* but must be unequivocally expressed." *United States v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976) (emphasis added); *see also Fluent v. Salamanca Indian Lease Auth.*, 928 F.2d 542, 546 (2d Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 74, 116 L.Ed.2d 48 (1991) ("When Congress has chosen to limit or waive the sovereign immunity of Indian tribes, it has done so *in clear language*.") (citing Act of July 22, 1958, Pub.L. No. 85–547, § 1, providing that tribes may "commence" and "defend" actions against each other) (emphasis added).

Maynard contends that the Narragansett Indian Tribe's sovereign immunity should not appertain in these circumstances because its actions encroach on lands to which the Tribe affirmatively relinquished all legal claim and title.

The present action arose out of a boundary dispute with the Tribe, relating to Maynard's allegations that tribal officials re-

W. Mark Russo with whom Adler, Pollock & Sheehan, Inc., Providence, RI, on brief, for plaintiff, appellant.

John F. Killoy, Jr. with whom Law Office of H. Jefferson Melish, Wakefield, RI, on brief, for defendant, appellee.

peatedly trespassed on his property.[1] The Tribe acquired the land abutting Maynard's property in 1978, as part of an overall settlement of its legal claim that the Tribe possessed superior, aboriginal title to 3200 acres in the State of Rhode Island. In return for eventual congressional approval of the land claims settlement terms, *see* Rhode Island Indian Claims Settlement Act, 25 U.S.C. §§ 1701–1716 (1978), the Tribe agreed that its claims to non-settlement lands in Rhode Island would be extinguished and that the settlement lands by and large would be "subject to the civil and criminal laws and jurisdiction of the State of Rhode Island." *Id.* §§ 1705(a), 1708.

Maynard invites us to *infer* a waiver or abrogation of the Tribe's sovereign immunity, citing to the settlement agreement, the enacting legislation, and excerpts from the legislative history. As the district court correctly noted, however, the proposed inferential leap is impermissible.[2] Maynard cites no provision or source which even alludes to the concept of tribal sovereign immunity, much less its relinquishment.[3] The Tribe's surrender of its right to sue for non-settlement lands neither says nor implies anything about a surrender of its sovereign immunity from suit relating to its territorial or extraterritorial actions. Absent explicit congressional authorization to the contrary, the district court had no choice but to dismiss the present action for lack of jurisdiction.

*Affirmed.*

---

1. Maynard elected *not to* name individual members of the Tribe as defendants, contending that permanent injunctive relief against the Tribe would be the only effective remedy.

2. Moreover, were the proposed inference otherwise permissible, the provisions cited by Maynard would have to be construed to afford the Tribe the benefit of any ambiguity on the waiver-abrogation issue. *See, e.g., Mashpee Tribe v. New Seabury Corp.,* 592 F.2d 575, 582 n. 4 (1st Cir.) (protective statutes enacted for benefit of Indian tribes are liberally construed in their favor), *cert. denied,* 444 U.S. 866, 100 S.Ct. 138, 62 L.Ed.2d 90 (1979).

3. The Narragansett Indian Tribe acquired federal status in 1983, *see Narragansett Indian Tribe v. Guilbert,* 934 F.2d 4, 4–5 (1st Cir.1991), a process which entails recognition that the Tribe enjoys "a government-to-government relationship to the United States." 25 C.F.R. § 83.11(a) (1992). Even though it would be of no small significance in defining the Tribe's sovereign status, Maynard cites no reference during the 1983 recognition process to an abrogation of the Tribe's sovereignty, or to an acknowledgement of any past abrogation or waiver of its sovereign immunity.