# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**03-1700**

**STEPHANIE WEBB**

**VERSUS**

**PARAGON CASINO**

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - DISTRICT 2
PARISH OF RAPIDES, NO. 03-03033
JAMES L. BRADDOCK, WORKERS' COMPENSATION JUDGE

**********

**OSWALD A. DECUIR**
**JUDGE**

**********

Court composed of Oswald A. Decuir, Jimmie C. Peters, and Billy Howard Ezell, Judges.

**AFFIRMED.**

George A. Flournoy
Flournoy & Doggett
P. O. Box 1270
Alexandria, LA 71309-1270
(318) 487-9858
Counsel for Plaintiff/Appellant:
    Stephanie Webb

Joseph B. Guilbeau
Juge, Napolitano, Guilbeau, Ruli & Frieman
3838 N. Causeway Boulevard
Suite 2500, Lakeway III
Metairie, LA 70002
(504) 831-7270
Counsel for Defendant/Appellee:
    The Tunica-Biloxi Indian Tribe
    of Louisiana d/b/a Paragon Casino Resort

DECUIR, Judge.

Stephanie Webb filed this workers' compensation claim against her employer, the Tunica-Biloxi Indian Tribe of Louisiana, d/b/a Paragon Casino Resort, after allegedly sustaining a work-related accident on February 28, 2002. The Tribe objected to the jurisdiction of the Office of Workers' Compensation. The parties submitted the matter on briefs, and the workers' compensation judge ruled in favor of the Tribe, finding no subject matter jurisdiction. Webb's claim was dismissed, and she appeals. For the following reasons, we affirm.

The Tribe's authority to conduct gaming activities on tribal lands located within the State of Louisiana stems from the Federal Indian Gaming Regulatory Act of 1988, 25 U.S.C. § 2701, et seq. Pursuant to the Act, the Tribe then entered into a compact or contract with the State of Louisiana whereby the regulations governing the gaming and other activities at the Paragon Casino Resort were set forth. The contract was approved by the Secretary for the United States Department of the Interior. In keeping with longstanding federal jurisprudence and statutory law, the contract specifically recognized the territorial rights and independent sovereignty of both the Tribe and the State. The contract did not address the limited issue of jurisdiction in workers' compensation matters which may arise as a result of the operation of the casino and resort.

On the narrow question of whether the Office of Workers' Compensation has jurisdiction over the Tribe in a case involving employment activities on tribal lands, the workers' compensation judge explained that such an assertion of jurisdiction "would constitute an unlawful encroachment on tribal sovereignty and self-government." The court reasoned that subject matter jurisdiction would be present only via federal law or an explicit waiver of sovereign immunity by the Tribe, citing recent third circuit jurisprudence:

> In *Bonnette, et al. v. Tunica-Biloxi Indians of Louisiana d/b/a Paragon Casino Resort, et al.,* Nos. 0[2]-919, 02-920, 02-921, 2003 WL

21229282 (La. App. 3 Cir. 5/[2]8/03) the court reaffirmed the position of the United States Supreme Court in *Kiowa Tribe of Oklahoma v. Manufacturing Technologies, Inc.,* 523 U.S. 751, 754, 118 S.Ct. 1700, 1702, 140 L.Ed. 981 (1988) that "[a]s a matter of federal law, an Indian tribe is subject to suit only where Congress has authorized the suit or the tribe has waived its immunity."

The court then specifically found that Congress had not "authorized a suit against The Tribe in the workers' compensation courts of this state nor ha[d] the tribe consented to be sued in such courts." The court also discussed a recently enacted Tunica-Biloxi constitutional ordinance which provides that Louisiana workers' compensation law will apply to claims arising within the jurisdiction of the Tunica-Biloxi Tribal Court and that the administration of the Louisiana Workers' Compensation Act for such claims shall be by the tribal courts. *See* Constitutional Ordinance 10-2002 (adopted 11/5/02).

During the pendency of this appeal, a panel of this court handed down a decision involving the same issue as that raised herein. In *Ortego v. Tunica Biloxi Indians of LA d/b/a Paragon Casino,* 03-1001 (La.App. 3 Cir. 2/4/04), 865 So.2d 985, this court affirmed a workers' compensation judgment maintaining an exception of lack of subject matter jurisdiction. The court, per Judge Amy, reviewed the federal jurisprudential history of sovereign immunity and recent Louisiana cases involving the Tunica-Biloxi Tribe. The plaintiff's arguments were then specifically addressed. We agree with the decision rendered in *Ortego*, finding it to be a well reasoned discourse on jurisdictional issues involving a sovereign, self-governing and wholly independent nation.

Because the arguments raised in this appeal are identical to those raised in *Ortego,* (as the plaintiffs' counsel, the defendant and its counsel, and the workers' compensation judge are all the same in the two cases), we quote from that portion of the *Ortego* opinion which disposes of the plaintiff's arguments:

3

In the present appeal, Ms. Ortego has cited several provisions of the compact between the State of Louisiana and the Tunica-Biloxi Tribe in support of her contention that the workers' compensation judge erred as a matter of law in granting the Tribe's exception of lack of subject matter jurisdiction because the State of Louisiana retained jurisdiction over workers' compensation proceedings involving tribal employees.

Our examination of the compact reveals that the Tribe did not waive its sovereign immunity with respect to its employees' workers' compensation claims. Contrary to Ms. Ortego's first argument on appeal, the compact's silence on this issue does not mean that Louisiana law applies. As the Supreme Court noted in *Santa Clara Pueblo*, 436 U.S. 49, 98 S.Ct. 1670, 56 L.Ed.2d 106 [1978], tribal sovereign immunity cannot be inferred—instead, it must be expressly waived. The compact's silence with respect to tribal employees' workers' compensation claims does not constitute an express waiver. The Tribe retains jurisdiction in this area through operation of the doctrine of tribal sovereign immunity.

Ms. Ortego's second argument is that §§ 3(B) and (C) of the compact evince the intent that the State retain jurisdiction over workers' compensation claims. Our reading of these sections is at odds with Ms. Ortego's proposal. Section 3(C) merely indicates that the State retains jurisdiction in those matters in which it previously exercised jurisdiction. Section 3(C) also states that the Tribe retains its jurisdiction, which, applying the principles outlined in *Montana* [*v. United States*, 450 U.S. 544, 101 S.Ct. 1245, 67 L.Ed.2d 493 (1981)] and *Strate* [*v. A-1 Contractors*, 520 U.S. 438, 117 S.Ct. 1404, 137 L.Ed.2d 661 (1997)], above, includes jurisdiction over workers' compensation claims.

In her third argument, Ms. Ortego points to those sections of the compact requiring the Tribe to carry workers' compensation insurance that, by its terms, precludes the Tribe from asserting the defense of sovereign immunity in defense of liability. Ms. Ortego argues in an extrapolation of these sections, that the Tribe does not have sovereign immunity over workers' compensation claims. Based upon our reading of the compact, these provisions do not imply that the defense of sovereign immunity is not available to the Tribe in case of litigation; instead, it indicates that the Tribe may not assert sovereign [immunity] in an attempt to avoid paying on the policy. Moreover, the newly approved tribal ordinance at issue herein mandates that tribal courts apply Louisiana workers' compensation law in deciding workers' compensation disputes; as such, the Tribe, just as any other employer, would rely upon its workers' compensation insurance in payment of claims in appropriate cases.

Ms. Ortego further contends that § 2(H) of the compact, reproduced [below[1]], clearly indicates that the State did not transfer its

---

[1] Section 2(H) of the compact states as follows:

workers' compensation jursidiction to the Tribe. We note that this section pertains to enforcement of the provisions of the compact itself—i.e., in the event that the State sued the Tribe to enforce the compact, the Tribe could not assert the defense of sovereign immunity, and vice versa. Nothing in §2(H) indicates that the State or the Tribe waived their respective immunity as to matters other than enforcement of the compact terms.

In her fifth argument on appeal, Ms. Ortego contends that the Tribe was given jurisdiction over tort claims in §10(A)(6) of the compact and that a similar grant of workers' compensation jurisdiction to the Tribe would have been express, as well. Jurisdiction over workers' compensation was not the State's to give away. According to the above-cited Supreme Court decisions, the Tribe, not the State, has civil jurisdiction over disputes arising from its consensual relationships with others, even non-members, by virtue of its sovereign status. The Court has also stated that the Tribe would be subject to suit in federal and state courts via an express waiver of the immunity that stems from its sovereign status. No such waiver was given in the instant matter on appeal; as such, the Tribe retained its workers' compensation jurisdiction.

Finally, Ms. Ortego contends that the ordinance declaring the Tribe's intention to exercise sole jurisdiction over workers' compensation claims could not have amended the compact between the Tribe and the State because it was neither signed by the proper dignitaries nor approved by the Secretary of the Interior.[2] We agree with Ms. Ortego's assertion that the ordinance at issue did not change the terms of the compact. However, in this situation, it was not necessary for the ordinance to do so. The Tribe already has jurisdiction over workers' compensation claims owing to its status as a sovereign recognized by the United States, not as a result of this compact. The ordinance merely reaffirms the Tribe's jurisdiction over such matters and mandates that the tribal courts will apply Louisiana workers' compensation law in deciding disputes in this area. Ms. Ortego will therefore receive the benefit of Louisiana workers' compensation law

The jurisdiction and waiver of sovereign immunity provided by this Tribal-State Compact shall be strictly limited to matters and issues arising directly from this Tribal-State Compact.

[2] The text of the Tribal Ordinance, entitled "An Ordinance to Adopt Title 23, Chapter 10 of the Louisiana Revised Statutes Concerning Workers' Compensation," is as follows:

All of Title 23, Chapter 10 of the Louisiana Revised Statutes, shall be adopted as the law applicable to any workers' compensation claims that arise in the jurisdiction of the Tunica-Biloxi Tribal Court. All of Part IV, "Administration of Claims", including, but not limited to Subpart A, "Office of Workers' Compensation Administration" and Subpart B, "Claim Resolution" and all of their subsections, shall be amended so that any reference to administration by a Hearing Officer and/or the Workers' Compensation Administration, shall be deleted. The Administration of Workers' Compensation Act shall be by the Tunica-Biloxi Tribal Court.

whether her case proceeds in Louisiana courts or in the tribal courts of the Tunica-Biloxi Nation.

Based upon the above considerations, we do not find that the workers' compensation judge erred as a matter of law in granting the Tribe's exception of lack of subject matter jurisdiction. However, because the Tribe did not assert only one principle in support of its claim that the workers' compensation court lacked subject matter jurisdiction over Ms. Ortego's claim, it is necessary to emphasize the precise reasoning employed in reaching this conclusion, for the sake of clarity.

The Tribe asserted in its exception of lack of subject matter jurisdiction, and it now asserts on appeal, that Louisiana does not have jurisdiction over Ms. Ortego's workers' compensation claim for two reasons: first, due to the doctrine of exhaustion of tribal remedies, and second, due to tribal sovereign immunity.

We note that Ms. Ortego's claim is grounded in Louisiana workers' compensation law and not in tribal law. We further note that Ms. Ortego initially filed suit with the Louisiana Office of Workers' Compensation, not in a Tunica-Biloxi tribal court. As such, we find that the circumstances of Ms. Ortego's case do not lend themselves to an unbending application of the doctrine of exhaustion of tribal remedies as propounded by the Supreme Court in *National Farmers Union* [*Insurance Cos. v. Crow Tribe of Indians,* 471 U.S. 845, 105 S.Ct. 2447, 85 L.Ed.2d 818 (1985)]and *Iowa Mutual* [*Insurance Co. v. LaPlante*, 480 U.S. 9, 107 S.Ct. 971, 94 L.Ed.2d 10 (1987)], where claims were pending in tribal court before suit was filed in federal court. Instead, the reasoning of the Second Circuit in *Garcia* [*v. Akwesasne Housing Authority*, 268 F.3d 76 (2d Cir. 2001)], reproduced above, is appropriate in the matter before us on appeal. We determine that this case should not have been dismissed as a matter of comity, but rather due to the asserted defense of tribal sovereign immunity.

In *Merrion v. Jicarilla Apache Tribe*, 455 U.S. 130, 145, 102 S.Ct. 894, 905, 71 L.Ed. 2d 21 (1982), Justice Marshall, writing for the Court, observed that "[a] nonmember who enters the jurisdiction of the tribe remains subject to the risk that the tribe will later exercise its sovereign power." In the instant matter on appeal, Ms. Ortego entered the jurisdiction of the Tribe, and the Tribe was free to exert its sovereign immunity with respect to claims sustained by Ms. Ortego, a non-member, while on tribal land.

865 So.2d at 996-98.

We agree with the reasoning of *Ortego* and find no legal error in the judgment dismissing Webb's workers' compensation claim against the Tribe. Following *Ortego*, this court has reached the same result in *Bordelon v. Tunica Biloxi Indian*

*Tribe of LA*, 03-1223 (La.App. 3 Cir. 3/3/04), 867 So.2d 172; *Stelly v. Paragon Casino & Resort*, 03-1222 (La.App. 3 Cir. 3/3/04), 867 So.2d 173; and *Whittington v. Paragon Casino Resort*, 03-1286 (La.App. 3 Cir. 3/3/04), 867 So.2d 174.

The exception of lack of subject matter jurisdiction was properly maintained, and we therefore affirm. Costs of this appeal are assessed to Stephanie Webb.

**AFFIRMED.**