2005-NMCA-003

104 P.3d 548

**Maura J. SANCHEZ, Plaintiff–Appellant,**

v.

**SANTA ANA GOLF CLUB, INC, Defendant–Appellee.**

**No. 24,278.**

Court of Appeals of New Mexico.

Nov. 22, 2004.

Certiorari Denied, No. 28,987, Jan. 6, 2005.

**684**

Richard A. Allen, The Law Office of Richard A. Allen, Albuquerque, NM, for Appellant.

Shane Youtz, Youtz & Valdez, P.C., Albuquerque, NM, for Appellee.

## OPINION

PICKARD, Judge.

{1} Plaintiff sued Defendant, the Santa Ana Golf Club, Inc., a corporation wholly owned by Santa Ana Pueblo, for wrongful discharge and defamation. Defendant filed a motion to dismiss, arguing that the district court lacked subject matter and personal jurisdiction because Defendant was immune from suit under the doctrine of sovereign immunity. The court granted Defendant's motion. Plaintiff appeals the court's order granting dismissal. On appeal, Plaintiff argues that Defendant waived sovereign immunity by (1) including a "sue or be sued" clause in its corporate charter, (2) committing itself to adhere to anti-discrimination standards in its employee handbook, (3) participating in New Mexico's workers' compensation program, and (4) failing to abide by its own express conditions of how to effectuate a waiver in other contracts. Furthermore, Plaintiff contends that a genuine issue of fact exists concerning whether Defendant waived sovereign immunity, and Plaintiff is therefore entitled to have a jury hear evidence of whether an effective waiver existed in this case. We are not persuaded by Plaintiff's arguments and affirm the district court's dismissal.

## FACTS AND BACKGROUND

{2} Plaintiff was employed by Defendant for eight years. In the spring of 2002, Plaintiff consulted a physician regarding certain symptoms she was experiencing. The physician advised Plaintiff to be tested for Hepatitis C. Defendant fired her after having been told by Plaintiff that she had been tested for Hepatitis C. The results of the test were negative. Plaintiff alleges that Defendant's employees falsely told others, including persons not affiliated with Defendant, that Plaintiff was infected with Hepatitis C, a disease commonly known to be sexually transmitted. Plaintiff sued Defendant, claiming that she had been wrongfully terminated by Defendant, as well as defamed by Defendant's employees. The district court dismissed the case, citing a lack of subject matter jurisdiction based on Defendant's sovereign immunity. Plaintiff appealed. She argues that Defendant either waived sovereign immunity, or a genuine issue of fact exists as to whether Defendant's actions effectuated a waiver.

## DISCUSSION

{3} We first consider whether sovereign immunity was waived, and then proceed to discuss whether a genuine issue of fact exists in this case.

### Sovereign Immunity

{4} We review de novo the legal question of whether an Indian tribe, or an entity under the tribe's control, possesses sovereign immunity. *Sac and Fox Nation v.*

*Hanson,* 47 F.3d 1061, 1063 (10th Cir.1995). We also review de novo an order granting or denying a motion to dismiss for lack of jurisdiction. *Barnae v. Barnae,* 1997–NMCA–077, ¶¶ 10–11, 123 N.M. 583, 943 P.2d 1036.

**▆▆▆** {5} "Indian tribes are domestic dependent nations that exercise inherent sovereign authority over their members and territories." *Okla. Tax Comm'n v. Citizen Band Potawatomi Indian Tribe of Okla.,* 498 U.S. 505, 509, 111 S.Ct. 905, 112 L.Ed.2d 1112 (1991) (internal quotation marks and citation omitted). "Indian tribes have long been recognized as possessing the common-law immunity from suit traditionally enjoyed by sovereign powers." *Santa Clara Pueblo v. Martinez,* 436 U.S. 49, 58, 98 S.Ct. 1670, 56 L.Ed.2d 106 (1978). A tribe can waive its own immunity by expressing such a waiver. *Kiowa Tribe of Okla. v. Mfg. Techs., Inc.,* 523 U.S. 751, 754, 118 S.Ct. 1700, 140 L.Ed.2d 981 (1998). Without an unequivocal and express waiver of sovereign immunity or congressional authorization, tribal entities are immune from suit. *Id.* at 757, 118 S.Ct. 1700.

**▆▆▆** {6} Other entities under tribal control are extended the same sovereign immunity as the tribe itself. *Parker Drilling Co. v. Metlakatla Indian Cmty.,* 451 F.Supp. 1127, 1131 (D.Alaska 1978) (holding that the sovereign immunity afforded to tribes extends to their governmental organizations and business entities). Defendant in this case is an entity that enjoys sovereign immunity originating from the Santa Ana Pueblo, which incorporated Defendant under Section 17 of the Indian Reorganization Act. 25 U.S.C. § 477 (1990). Section 17 authorizes tribes to incorporate pursuant to a corporate charter in order to operate as a business entity. *Id.* Corporations formed under Section 17 enjoy sovereign immunity, but may waive such protection. *Parker Drilling Co.,* 451 F.Supp. at 1131. In this case, although Plaintiff admits that Defendant enjoys sovereign immunity, she argues that Defendant waived its immunity.

**▆▆▆** {7} There is a strong presumption against waiver of tribal sovereign immunity. *Demontiney v. United States ex rel. Bureau*

*of Indian Affairs,* 255 F.3d 801, 811 (9th Cir.2001). Therefore, a waiver of sovereign immunity "cannot be implied but must be unequivocally expressed." *Santa Clara Pueblo,* 436 U.S. at 58, 98 S.Ct. 1670 (internal quotation marks and citations omitted). Tribal entities may not be sued absent consent to be sued. *Kiowa Tribe of Okla.,* 523 U.S. at 757, 118 S.Ct. 1700. "Indian tribes long have structured their many commercial dealings upon the justified expectation that absent an express waiver their sovereign immunity stood fast." *Am. Indian Agric. Credit Consortium, Inc. v. Standing Rock Sioux Tribe,* 780 F.2d 1374, 1378 (8th Cir. 1985).

{8} With the above law as our guide, we now turn our attention to each of Plaintiff's arguments that Defendant waived sovereign immunity.

### "Sue or be Sued" Clause

**▆▆▆** {9} Plaintiff contends that Defendant waived sovereign immunity by including a "sue or be sued" clause in its corporate charter. Plaintiff cites to Article VIII, § K, of Defendant's Articles of Incorporation, which provides Defendant with the authority to "sue or be sued in its Corporate name to the extent provided in Article XVI of this Charter." Plaintiff claims that Defendant has waived sovereign immunity since Article XVI does not contain any language exempting Defendant from a waiver created by Article VIII's sue or be sued clause. We agree that a waiver created by the sue or be sued clause would be applicable to Defendant if such a waiver existed. However, in this case no waiver was created by the sue or be sued clause because other requirements that were needed to effectuate a waiver pursuant to Article XVI were not met.

**▆▆▆** {10} The strong weight of authority holds that enactment of a sue or be sued clause, in and of itself, does not constitute an effective waiver of sovereign immunity. *Ninigret Dev. Corp. v. Narragansett Indian Wetuomuck Hous. Auth.,* 207 F.3d 21, 30 (1st Cir.2000). Furthermore, a waiver of sovereign immunity should be strictly construed, with all ambiguous provisions interpreted in favor of the tribe. *Cf. County of*

*Oneida, N.Y. v. Oneida Indian Nation,* 470 U.S. 226, 247, 105 S.Ct. 1245, 84 L.Ed.2d 169 (1985) (applying this rule to treaties and certain non-treaty matters). In this case, the sue or be sued clause was only activated if it met the requirements of Article XVI. Section D of Article XVI mandates that all waivers must be in the form of a resolution, which shall be duly adopted by Defendant's board of directors. Section D continues:

> The resolution shall identify the party or parties for whose benefit the waiver is granted, the transaction or transactions and the claims or classes of claim for which the waiver is granted, the property of the Corporation which may be subject to execution to satisfy any judgment which may be entered in the claim, and shall identify the court or courts in which suit against the Corporation may be brought. Any waiver shall be limited to claims arising from the acts or omissions of the Corporation, its Directors, officers, employees or agents, and shall be construed only to effect the property and income of the Corporation.

{11} Here, Plaintiff has offered no proof that a resolution was adopted by Defendant's board of directors, and since Article VIII's sue or be sued clause can only be made effective pursuant to the requirements set out in Section D of Article XVI, we conclude that no waiver was created. *See Ninigret Dev. Corp.,* 207 F.3d at 30.

{12} Plaintiff contends that federal law is clear that the simple appearance of a sue or be sued clause in the charters of Section 17 corporations serve as a general waiver of sovereign immunity. We disagree. Our review of the law indicates that a sue or be sued clause will only accomplish a waiver when the clause clearly expresses an intent to waive immunity. *Parker Drilling Co.,* 451 F.Supp. at 1136–37 (holding that the sue or be sued clause in corporate charter served as a waiver because the clause had no restrictions or limitations and was a clear, explicit, and unambiguous waiver); *S. Unique, Ltd. v. Gila River Pima–Maricopa Indian Cmty.,* 138 Ariz. 378, 674 P.2d 1376, 1383 (Ariz.Ct. App.1983) (holding that tribal corporation waived immunity due to express provision within its charter allowing it to be sued in courts of competent jurisdiction); *Martinez v. S. Ute Tribe,* 150 Colo. 504, 374 P.2d 691, 693–94 (1962) (en banc) (same). We conclude that the present case, with its sue or be sued clause, is distinguishable from the cases which found an express waiver. The clause in Defendant's charter could only be made effective if certain requirements were met, and since those requirements were not met, the clause had no effect. We have found no case holding that a sue or be sued clause expressly stating that the clause was ineffective unless certain requirements were met served as a waiver of sovereign immunity where the requirements were not met.

{13} Plaintiff further argues that Defendant may have "inadvertently waived" its sovereign immunity by enacting the sue or be sued clause within its charter. Plaintiff cites to *C & L Enterprises, Inc. v. Citizen Band Potawatomi Indian Tribe of Oklahoma,* 532 U.S. 411, 121 S.Ct. 1589, 149 L.Ed.2d 623 (2001), for the proposition that sovereign immunity may be inadvertently waived. We find no support for this theory in *C & L Enterprises, Inc.,* which held that for a tribe to relinquish its immunity, the tribe's waiver must be "clear." *Id.* at 418, 121 S.Ct. 1589 (internal quotation marks and citation omitted). Although the Court in *C & L Enterprises, Inc.* found a waiver of immunity in that case, the Court noted that the waiver—an agreement to submit disputes to arbitration, to be bound by the arbitration award, and to have the award enforced in a court of law—was unambiguous and explicit. *Id.* at 420, 121 S.Ct. 1589. Therefore, we decline to hold that an Indian tribe, or the entities that they control, can inadvertently waive its sovereign immunity under the circumstances of this case.

{14} We find the present case to be analogous to the First Circuit's decision in *Ninigret Development Corp.,* which found no waiver of immunity where the sue or be sued clause contained a requirement that immunity be waived by contract, but which had no contract waiving immunity. 207 F.3d at 30. Therefore, we hold that the sue or be sued clause in Defendant's charter did not consti-

tute an express waiver since the requirements were not met to effectuate the waiver.

*Commitment to Anti–Discrimination Standards in Employee Handbook*

■ {15} Plaintiff contends that Defendant waived immunity through its employee handbook by affirmatively committing to nondiscrimination based on handicap. Plaintiff further argues that the employee handbook contains procedures for employee discipline, which also constitute a waiver of immunity. Essentially, Plaintiff requests that this Court hold that Defendant's language contained in its employee handbook should serve as an implied waiver of sovereign immunity.

■ {16} A waiver of sovereign immunity cannot be implied. *Santa Clara Pueblo,* 436 U.S. at 58, 98 S.Ct. 1670. Furthermore, in questions regarding waivers of sovereign immunity, all issues should be interpreted favorably for the tribe and restrictively against the claimant. *S. Unique, Ltd.,* 674 P.2d at 1381. The general language in the handbook says nothing about lawsuits or courts of law. Therefore, we hold that Defendant's employee handbook does not constitute an implied waiver of sovereign immunity.

*Participation in New Mexico's Workers' Compensation Program*

■ {17} Plaintiff urges the Court to hold that Defendant's voluntary participation in New Mexico's workers' compensation program serves as a waiver of immunity. Plaintiff makes this argument without citing to any authority or providing any substantive argument in support of her contention.

■ {18} A waiver of sovereign immunity cannot be implied. *Santa Clara Pueblo,* 436 U.S. at 58, 98 S.Ct. 1670. Thus, we conclude that waivers of sovereign immunity cannot be created by implication through activities such as participation in the state's workers' compensation program. *See Webb v. Paragon Casino,* 872 So.2d 641, 646 (La.Ct.App.2004) (holding that state did not have jurisdiction over tribe where tribe paid into workers'

compensation program but had not waived sovereign immunity).

*Inconsistent Waivers in Other Business Dealings*

■ {19} Plaintiff's final argument that Defendant waived sovereign immunity is that Defendant has, in past business dealings, ignored the procedures to effectuate a waiver as set out in Section D of Article XVI. She argues that a "waiver could be inferred" from Defendant's past actions. We disagree. A waiver of sovereign immunity may not be inferred. *Maynard v. Narragansett Indian Tribe,* 984 F.2d 14, 16 (1st Cir.1993). Furthermore, tribal entities may choose to waive sovereign immunity either generally or with respect to particular transactions. *Chance v. Coquille Indian Tribe,* 327 Or. 318, 963 P.2d 638, 639 (1998). Thus, we rule that Defendant did not waive sovereign immunity in the present case when it did not follow Article XVI's procedures to create a waiver in prior business dealings.

**Genuine Issue of Fact as to Waiver of Sovereign Immunity**

■ {20} Plaintiff contends that, even if we do not find a waiver of sovereign immunity, we should find that all four of her waiver arguments, when combined together, create a genuine issue of fact as to whether a waiver existed. She argues that if we determine that a factual issue exists in this case with regard to whether a waiver was effectuated, we should reverse the district court's order to dismiss and remand to allow her to argue the issue of waiver in front of a fact-finder.

{21} The record reflects that the court considered matters outside the pleadings in ruling upon the motion to dismiss. Where a court takes into account matters outside the pleadings, the order to dismiss is reviewed as an order granting summary judgment. *DiMatteo v. County of Doña Ana,* 109 N.M. 374, 378, 785 P.2d 285, 289 (Ct.App.1989). Accordingly, the standard of review we employ is for a motion for summary judgment. Rule 1–012(B) NMRA. The standard of review for summary judgment is de novo. *Barncastle v. Am. Nat'l Prop. & Cas. Cos.,* 2000–NMCA–095, ¶ 5, 129 N.M. 672, 11 P.3d

1234. When considering an appeal of summary judgment we determine "whether there are genuine issues of material fact relative to [a plaintiff's] claims and whether defendants were entitled to summary judgment as a matter of law." *Barreras v. N.M. Corr. Dep't*, 114 N.M. 366, 368, 838 P.2d 983, 985 (1992). The facts are considered in the light most favorable to the party opposing summary judgment. *Barbeau v. Hoppenrath*, 2001–NMCA–077, ¶ 2, 131 N.M. 124, 33 P.3d 675.

{22} In this case, considering the facts in the light most favorable to Plaintiff, we do not find a genuine issue of fact exists as to whether a waiver was effectuated. As we have discussed above, the sue or be sued clause did not create a waiver since it did not meet the requirements contained within Article XVI. Plaintiff's other arguments are based on a finding that waivers can be created either by inference, implication, or inadvertence. Since current precedent stands directly against these contentions, we find no issue of fact to exist as to whether a waiver was created by these means.

{23} Yet, Plaintiff argues that if we combine her four waiver arguments, there is sufficient evidence to create a genuine issue of fact as to whether a waiver existed in this case. We disagree. We find no support for Plaintiff's contention, and she does not direct us to any, that an express waiver of sovereign immunity can be pieced together through inference and implication, combined with a sue or be sued clause that is not made effective due to unmet requirements. Therefore, we hold that summary judgment was appropriate in this case and that there are no genuine issues of fact as to the existence of a waiver.

## CONCLUSION

{24} For these reasons, we affirm the district court's order to dismiss.

{25} **IT IS SO ORDERED.**

WE CONCUR: JAMES J. WECHSLER, Chief Judge and CELIA FOY CASTILLO, Judge.