**Certiorari Denied, July 13, 2010, No. 32,450**

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2010-NMCA-077**

**Filing Date: May 13, 2010**

**Docket No. 29,377**

**MICHAEL L. ANTONIO**,

       **Worker-Appellant,**

**v.**

**INN OF THE MOUNTAIN
GODS RESORT AND
CASINO and TRIBAL FIRST**,

       **Employer/Insurer-Appellees.**

**APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION**
**Victor S. Lopez, Workers' Compensation Judge**

Gerald A. Hanrahan
Albuquerque, NM

for Appellant

John D. Wheeler & Associates
Pamela J. Kushmaul
Alamogordo, NM

for Appellees

## OPINION

**ROBLES, Judge.**

**{1}** Michael Antonio (Worker) appeals from an order of dismissal entered by the Workers' Compensation Administration (WCA) for lack of subject matter jurisdiction. On appeal, Worker alleges that (1) the WCA erred in determining that Worker's injury occurred on the Mescalero Apache Tribe reservation (Tribe) and that the Tribe was not conducting

1

business within the State of New Mexico; and (2) the WCA had jurisdiction by default because the Tribe did not have a workers' compensation program in effect at the time of Worker's injury, and the compensation that was provided to Worker was not as good as the compensation required by the New Mexico Workers' Compensation Act. We conclude that the WCA did not have jurisdiction over the Tribe because the Tribe did not expressly waive sovereign immunity and, therefore, the WCA's order reached the right result for the wrong reasons. *See Cordova v. World Fin. Corp. of N.M.*, 2009-NMSC-021, ¶ 18, 146 N.M. 256, 208 P.3d 901 (noting that we may affirm on grounds not relied upon if those grounds do not require us to look beyond the factual allegations that were raised and considered below). We affirm.

## I.     BACKGROUND

**{2}**     Worker appeals from an order of the WCA dismissing his claim for lack of subject matter jurisdiction. Worker was injured during the course of his employment as a snowmaker for Ski Apache, a division of the Inn of the Mountain Gods Resort and Casino (Inn). The Inn is wholly owned and operated by the Mescalero Apache Tribe, a federally recognized Indian tribe.

**{3}**     Worker was injured at work on January 9, 2006. From the time he was injured until he filed a complaint with the WCA on March 22, 2007, he availed himself of the workers' compensation benefits available through the Tribe. Worker's complaint alleged that he was entitled to additional compensation for neck problems and depression that resulted from his injury, over and above the permanent disability benefits awarded to him through the Tribe's insurer, Tribal First.

**{4}**     The WCA dismissed Worker's complaint based upon a lack of subject matter jurisdiction, holding that Worker was injured on tribal land, and the Tribe was not carrying out business in the state of New Mexico. Worker challenges both findings and asserts that the WCA may exercise jurisdiction over the Tribe because Worker was injured on federal, not tribal, lands, and that Ski Apache is located, at least in part, in New Mexico.

## II.     DISCUSSION

### A.     The Tribe Enjoys Sovereign Immunity From Suit

**{5}**     "We review de novo the legal question of whether an Indian tribe, or an entity under the tribe's control, possesses sovereign immunity." *Martinez v. Cities of Gold Casino*, 2009-NMCA-087, ¶ 22, 146 N.M. 735, 215 P.3d 44, *cert. denied*, 2009-NMCERT-007, 147 N.M. 361, 223 P.3d 358.

> It has long been recognized that Indian tribes have the same common-law immunity from suit as other sovereigns. A tribe is free to waive its sovereign immunity, but such waivers must be express and unequivocal. Because a tribe need not waive immunity at all, it is free to prescribe the terms and conditions on which it consents to be sued, and the manner in

2

which the suit shall be conducted. Any such conditions or limitations must be strictly construed and applied.

When a tribe is protected by sovereign immunity, a state court lacks jurisdiction to hear a suit. (Without an unequivocal and express waiver of sovereign immunity or congressional authorization, state courts lack the power to entertain lawsuits against tribal entities.)

*R & R Deli, Inc. v. Santa Ana Star Casino*, 2006-NMCA-020, ¶¶ 10-11, 139 N.M. 85, 128 P.3d 513 (filed 2005) (internal quotation marks and citations omitted).

**{6}** We begin by addressing Worker's contentions that because he was injured off the reservation and the Tribe was engaged in business in the state of New Mexico, the WCA has jurisdiction over his claim. Worker rests his arguments primarily on *DeFeo v. Ski Apache Resort*, 120 N.M. 640, 904 P.2d 1065 (Ct. App. 1995). *DeFeo* held that, absent an unequivocal waiver of immunity by the Tribe, the Tribe is immune from suit in New Mexico's state courts for personal injuries suffered by a non-Indian in Indian country. *Id.* at 641-42, 644, 904 P.2d at 1066-67, 1069. The Court in *DeFeo* stated that the controlling factor in that case was "the location of [the p]laintiff's accident and resulting injury." *Id.* at 643, 904 P.2d at 1068. We note, however, that *DeFeo* also contains the following language: "*Without an explicit waiver, the Nation is immune from suit in state court—even if the suit results from commercial activity occurring off the Nation's reservation.*" *Id.*

**{7}** Worker next asserts that *Lopez v. Ski Apache Resort*, 114 N.M. 202, 836 P.2d 648 (Ct. App. 1992), stands for the proposition that Ski Apache is not immune from suit where a skier was injured within the boundaries of New Mexico. However, the Court in *Lopez* makes no mention of tribal sovereign immunity.

**{8}** Worker also argues that commercial off-reservation activity by a tribal entity is not protected by sovereign immunity under *Padilla v. Pueblo of Acoma*, 107 N.M. 174, 179-80, 754 P.2d 845, 850-51 (1988) (holding that "the district court may exercise jurisdiction over an Indian tribe when the tribe is engaged in activity off of the reservation as an unincorporated association registered and authorized to do business in this state and is sued in that capacity for breach of a written contract"). Conversely, the Tribe asserts that *Kiowa Tribe of Oklahoma v. Manufacturing Technologies, Inc.*, 523 U.S. 751, 754 (1998), controls. We agree with the Tribe. The United States Supreme Court held in *Kiowa Tribe* that Indian tribes have immunity from suit on contracts "whether those contracts involve governmental or commercial activities and whether they were made on or off a reservation." *Kiowa Tribe*, 523 U.S. at 760. The New Mexico Supreme Court has recently stated that *Padilla* has been implicitly overruled by *Kiowa Tribe*. *See Gallegos v. Pueblo of Tesuque*, 2002-NMSC-012, ¶ 25, 132 N.M. 207, 46 P.3d 668. Thus, *Padilla* does not assist Worker.

**{9}** *Gallegos* held that on-reservation activity of an Indian tribe is protected by sovereign immunity regardless of whether the activity is commercial or governmental. 2002-NMSC-012, ¶¶ 27, 36. Worker argues that the location of the accident controls. However, all

3

current New Mexico case law reiterates one consistent principle—that sovereign immunity, unless abrogated by Congress, must be expressly waived by the tribe.

{10}   "[T]ribal immunity is a matter of federal law and is not subject to diminution by the [s]tates." *Kiowa Tribe*, 523 U.S. at 756; *see Bales v. Chickasaw Nation Indus.*, 606 F. Supp. 2d 1299, 1304-05, 1308 (D.N.M. 2009) (affirming grant of summary judgment in employment discrimination suit in favor of [the] defendant tribal corporation doing business in New Mexico). A tribe's or tribal entity's sovereign immunity may not be implicitly waived. *Sanchez v. Santa Ana Golf Club, Inc.*, 2005-NMCA-003, ¶ 18, 136 N.M. 682, 104 P.3d 548 (filed 2004). As discussed above, the question of whether a tribe's activity occurred on or off the reservation has been rendered inconsequential under *Kiowa Tribe*.

{11}   To the extent that Worker argues that *Kiowa Tribe*'s holding is limited to suits on contract, we disagree. The United States Supreme Court made it clear that courts should defer to Congress on questions regarding the limits on tribal immunity. *See Kiowa Tribe*, 523 U.S. at 759 (noting that "Congress has occasionally authorized limited classes of suits against Indian tribes" and that this capacity of Congress "counsels some caution by us in this area" (internal quotation marks and citation omitted)). Worker does not cite any federal legislation limiting tribal immunity to activities occurring on tribal land.

{12}   In its answer brief, the Tribe directs our attention to *Mescalero Apache Tribe v. Parsons*, Civ. No. 97-0532 JP/DJS (D.N.M. 1998) (mem. & order), a federal district court case determining that the tribe did not waive its immunity from personal injury suits where the accident arose on federal, rather than tribal, land. Although not controlling precedent, this memorandum opinion is informative on this issue.

{13}   We decline to hold that the Tribe has waived sovereign immunity from suit by operating a ski area on federal land, or that the location of Worker's accident confers jurisdiction to the state. The principle espoused in *Kiowa Tribe* instructs our determination that, absent an express waiver of immunity from suit, the WCA does not have jurisdiction to hear Worker's claim. 523 U.S. at 754, 760.

{14}   It is a recognized principle of federal Indian law that certain laws, such as employment laws, may be applicable to tribes, although the tribes still enjoy immunity from suit. There is a difference between the right to demand compliance with state laws and the means available to enforce them. *See Bales*, 606 F. Supp. 2d at 1303. "Whether an Indian tribe is subject to a statute and whether the tribe may be sued for violating the statute are two entirely different questions." *Id.* (internal quotation marks and citation omitted).

**B.     The Tribe did not Waive Sovereign Immunity in the Gaming Compact**

{15}   We turn next to Worker's contention that the Tribe waived its immunity in NMSA 1978, Section 11-13-1(4)(B)(6) (1997) (amended 2007) of the Compact between itself and the state of New Mexico. Worker asserts that because the Tribe has agreed to provide "all employees of a gaming establishment . . . workers' compensation insurance . . . benefits at

least as favorable as those provided by comparable state programs," it has implicitly waived its sovereign immunity with respect to workers' compensation disputes.

**{16}** Worker argues that under the Compact he is a gaming employee and must be provided workers' compensation. He asserts that, at the time of his injury, the Tribe did not have a workers' compensation program in effect, so the WCA has jurisdiction by default. However, the record shows that Worker was provided workers' compensation for over eight months and was awarded permanent disability. The Tribe's current Workers' Compensation Ordinance, effective January 1, 2007, states that it is intended to supersede and replace all current policies, practices, customs, and procedures relating to any work-related injury suffered by a tribal employee or enterprise employee. Mescalero, N.M., Ordinance 06-07 (Jan. 1, 2007). Although it is not clear from the record under what workers' compensation program the Tribe was operating at the time of Worker's injury, the Tribe's insurer provided compensation to Worker for his diminished capacity resulting from the injury.

**{17}** The argument that Section 4(B)(6) of the Compact constitutes a waiver of tribal sovereign immunity for workers' compensation claims has recently been considered and rejected by this Court. *See Martinez*, 2009-NMCA-087, ¶ 27 (disagreeing with the argument that the purchasing of a workers' compensation insurance policy implicitly requires a tribe or tribal entity to surrender to state court jurisdiction). This Court has held that even participation in the state's workers' compensation program does not constitute an express waiver of sovereign immunity. *See Sanchez*, 2005-NMCA-003, ¶ 18 ("[W]aivers of sovereign immunity cannot be created by implication through activities such as participation in the state's workers' compensation program.").

**{18}** We also note that even if, as Worker argues, the Tribe did not have a workers' compensation program in place when he was injured, the Compact still does not provide a private right of action. *See Martinez*, 2009-NMCA-087, ¶¶ 25-26 (holding that the private right of action to which tribes agreed in the Compact pertains only to visitors and is inapplicable to worker's compensation disputes).

**{19}** Finally, Worker argues that the Tribe's workers' compensation was not as favorable as the state's as required by the Compact. Due to the foregoing determinations that the WCA lacks subject matter jurisdiction because the Tribe did not expressly waive immunity under Section 4(B)(6), we do not reach the question of whether Worker is considered a "gaming employee" under the Compact. Even if we were to find that Worker is a "gaming employee" under the terms of the Compact, Worker has failed to exhaust tribal remedies. We cannot say without Worker having exhausted his remedies whether the Tribe's workers' compensation program is less favorable than the State of New Mexico's.

## C.     Worker's Remedy Lies in Tribal Court

**{20}** Worker requests that this Court order the WCA to hold a trial on the merits of his claim. As discussed above, we cannot order a trial because the Tribe did not waive sovereign immunity from suit. This Court's precedent is clear that Section 4(B)(6) does not

5

constitute an express waiver of immunity for purposes of resolving workers' compensation disputes.

**{21}**     This Court has determined that the Compact is silent as to where jurisdiction might lie with regard to conflicts over the workers' compensation provided by the Tribe. *Martinez*, 2009-NMCA-087, ¶ 26.  Therefore, we reasoned that the private remedy available to injured casino patrons is inapplicable to workers' compensation cases. *Id.* ("*Doe* is thus inapplicable [to workers' compensation disputes].").  The Tribe's current workers' compensation program provides for a remedy in tribal court.  Mescalero, N.M., Ordinance 06-07, § 4.  Because Worker has not appeared in tribal court, his argument that the Tribe's workers' compensation is insufficient is speculative and incapable of review.

## III.     CONCLUSION

**{22}**     For the reasons discussed above, the Tribe is immune from suit by virtue of its status as a sovereign nation.  Worker's question of whether he has not been provided adequate workers' compensation is unreviewable because he has not exhausted his tribal remedies.  Based on the foregoing, we affirm the order of the WCA granting summary judgment and dismissing Worker's claim against the Tribe.

**{23}     IT IS SO ORDERED**.

_____
                                    **ROBERT E. ROBLES, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Chief Judge**

_____
**JAMES J. WECHSLER, Judge**

**Topic Index for Antonio v. Inn of the Mountain Gods, No. 29,377**

| | |
|---|---|
| **GV** | **GOVERNMENT** |
| GV-SI | Sovereign Immunity |
| | |
| **IL** | **INDIAN LAW** |
| IL-GA | Gaming |
| IL-IL | Indian Lands |
| IL-TC | Tribal Court Jurisdiction |
| IL-TJ | Tribal and State Authority and Jurisdiction |
| | |
| **JD** | **JURISDICTION** |
| JD-SM | Subject Matter |

**WC**          **WORKERS COMPENSATION**
WC-WG          Workers' Compensation, General