This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**ERIC PENA,**

Worker-Appellant,

v.                                                    NO. 29,799

**INN OF THE MOUNTAIN GODS**
**RESORT AND CASINO and**
**TRIBAL FIRST,**

Employer/Insurer-Appellees.

**APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION**
**Gregory D. Griego, Workers' Compensation Judge**

Tony Couture
Albuquerque, NM

for Appellant

John D. Wheeler and Associates
John D. Wheeler
Alamogordo, NM

for Appellees

## MEMORANDUM OPINION

**KENNEDY, Judge.**

Eric Pena (Worker) alleges he was injured while fulfilling his duties as a terrain

park supervisor at Ski Apache, near Ruidoso, New Mexico. Ski Apache is a commercial enterprise operated by Inn of the Mountain Gods Resort and Casino and insured by Tribal First (collectively Employers). After his injury, Worker filed a claim with the New Mexico Workers' Compensation Administration (WCA), and Employers, which are an unincorporated enterprise of the Mescalero Apache Tribe, filed a motion to dismiss on the basis of tribal sovereign immunity. The workers' compensation judge (WCJ) granted Employers' motion, and Worker appeals.

For the reasons set out below, we affirm and hold that the WCJ properly dismissed this case.

**BACKGROUND**

Worker alleges that at the time of his injury he was employed as a terrain park supervisor, and as such, was required to design, maintain, and test various ski features as a normal part of his duties to Employers. On January 17, 2009, in an area of the ski resort outside the boundaries of the Mescalero Apache Reservation, Worker was testing such a feature when he fell and sustained injuries to his neck, back, and left arm. These injuries left Worker unable to perform his duties and he sought compensation through the tribal workers' compensation system. Employers denied his claim on the basis that Worker was engaged in horseplay and was therefore acting outside the course and scope of his employment when injured. It appears that Worker

2

did not appeal that decision.

Worker subsequently submitted another claim, this time with the WCA. The matter was assigned to a mediator, who recommended dismissal on the basis that the state lacked subject matter jurisdiction to adjudicate a claim against Employers. Worker rejected and Employers accepted the mediator's proposed resolution, and on June 9, 2009, the case was assigned to a WCJ. Employers argued that tribal sovereign immunity barred Worker's claim, and after holding a hearing, the WCJ agreed, concluding, "[t]he US Supreme Court has established a very broad view of what constitutes sovereign immunity from suit by tribal entities." Noting that tribal immunity may be defeated in only two ways, congressional abrogation or express tribal waiver, the WCJ further found, that there had been no evidence offered of an express or implied waiver of immunity, and that sovereign immunity deprived the WCA of subject matter jurisdiction over the dispute.

Neither party disputes that Ski Apache is a resort owned and operated by Inn of the Mountain Gods Resort and Casino, which, in turn, is wholly owned and operated as an umbrella organization by the Mescalero Apache Tribe. *See DeFeo v. Ski Apache Resort*, 120 N.M. 640, 641 904 P.2d 1065, 1066 (1995) (providing an overview of the Ski Apache resort and describing its history, boundaries, and unique commercial relationship with the United States Forest Service). Worker contends (1)

3

sovereign immunity does not apply to state workers' compensation claims involving off-reservation injuries; (2) the state Workers' Compensation Act (the Act), specifically, NMSA 1978, Section 52-1-6 (1990), does not exempt Indian tribes from coverage and therefore applies to them; (3) Employers waived sovereign immunity by participating in state workers' compensation proceedings; and (4) the gaming compact between the tribe and the state gives the WCA jurisdiction over this dispute.

**DISCUSSION**

**A.      Standard of Review**

We review de novo the question of whether an Indian tribe or tribal sub-division possesses sovereign immunity. *Sanchez v. Santa Ana Golf Club, Inc.*, 2005-NMCA-003, ¶ 4, 136 N.M. 682, 104 P.3d 548 (citing *Sac and Fox Nation v. Hanson, 47 F.3d 1061*, 1063 (10th Cir.1995)). We also apply a de novo standard to questions of whether a case was properly dismissed for want of subject matter jurisdiction. *Id*.

**B.      Tribal Sovereign Immunity in State Workers' Compensation Claims**

It is well-established in New Mexico that Indian tribes and their subdivisions enjoy sovereign immunity. *See Gallegos v. Pueblo of Tesuque*, 2002-NMSC-012, ¶ 27, 132 N.M. 207, 46 P.3d 668 (citing the United States Supreme Court's holding in *Kiowa Tribe of Okla. v. Mfg. Techs., Inc.*, 523 U.S. 751 (1998), and holding that tribal sovereign immunity is a matter of congressional control, not subject to judicial

4

boundary-setting). One manifestation of tribes' power of self-governance is their "immunity from suit in state courts." *DeFeo*, 120 N.M. at 642, 904 P.2d at 1067. Absent clear waiver by the tribe itself or congressional abrogation of the doctrine, tribal sovereign immunity is absolute, and any waiver must be "unequivocally expressed." *Id.*; *Sanchez*, 2005-NMCA-003, ¶ 5. It cannot be implied. Such immunity applies whether the activity giving rise to the plaintiff's claim occurs within or without tribal boundaries. *DeFeo*, 120 N.M. at 643, 904 P.2d at 1068.

These principles apply in an identical manner to claims for state workers' compensation. Indeed, our opinion in *Antonio v. Inn of the Mountain Gods Resort & Casino* involved a factual scenario strikingly similar to the one at bar and is controlling on this point. 2010-NMCA-077, ¶¶ 11, 13, 148 N.M. 858, 242 P.3d 425. In *Antonio*, worker sustained an injury while performing his duties as a snowmaker at Ski Apache. He first received compensation from the tribe and later sought additional compensation through the WCA. On the basis of tribal sovereign immunity, the state WCJ dismissed worker's claim for lack of jurisdiction. *Id.* ¶¶ 3-4. On appeal, worker made an argument almost identical to the one advanced by Worker in this case—specifically, that the doctrine of tribal sovereign immunity, as outlined in *Kiowa*, does not protect tribes from suits before the WCA. This Court rejected that argument and held, "[t]he principle espoused in *Kiowa* . . . instructs our determination

that, absent an express waiver of immunity from suit, the WCA does not have jurisdiction to hear [w]orker's claim." *Antonio*, 2010-NMCA-077, ¶ 13. We also rejected worker's argument that *Kiowa* applies only to contract cases arising outside reservation boundaries. *Antonio*, 2010-NMCA-077, slip op., ¶ 11. Tribal sovereign immunity applies despite the location of the injury and regardless of whether the dispute arises in contract, tort, or some other theory. *See id.* ¶¶ 10-11. As this Court held, "all current New Mexico case law reiterates one consistent principle—that sovereign immunity, unless abrogated by Congress, must be expressly waived by the tribe." *Id.* ¶ 9; *see Sanchez*, 2005-NMCA-003, ¶¶ 5-7, 18 (holding that employment suit against tribe was barred by sovereign immunity because worker failed to establish waiver). "[C]ourts should defer to Congress on questions regarding the limits of tribal immunity." *Antonio*, 2010-NMCA-077, ¶ 11.

The case at bar demands a similar result. Worker argues that *Kiowa* applies only to contract disputes, but as our analysis demonstrates, that is too narrow a reading. Worker also contends that the Act, specifically Section 52-1-6, does not exclude tribes and therefore constitutes a law of general applicability. But this Court's holding in *Antonio* refutes that argument as well. *Antonio*, 2010-NMCA-077, ¶ 14. For these reasons, we hold that tribal sovereign immunity applies in this case, and because Worker directs this Court to no evidence that Congress has authorized state

6

workers' compensation claims against tribes, we turn to Worker's argument that Employers waived their immunity.

**C.     Waiver of Tribal Sovereign Immunity**

Even if sovereign immunity applies in this case, Worker contends, Employers waived it by answering his claim in the WCA proceeding. Worker relies on the fact that Employers filed a "responsive pleading when they accepted the recommended resolution" of the mediator. Such a pleading, Worker argues, suffices to effectuate a waiver; but we disagree. A strong presumption against the waiver of sovereign immunity protects tribes in exactly this situation. For example, in *Sanchez*, this Court considered whether a tribal employer waived immunity by participating in WCA proceedings. 2005-NMCA-003, ¶ 18. There, we pointed out the

> strong presumption against waiver of tribal sovereign immunity. Therefore, a waiver of sovereign immunity cannot be implied but must be unequivocally expressed. Tribal entities may not be sued absent consent to be sued. Indian tribes long have structured their many commercial dealings upon the justified expectation that absent an express waiver their sovereign immunity stood fast.

*Id*. ¶ 7 (internal quotation marks and citations omitted). Any waiver of sovereign immunity must be strictly construed, we held, "with all ambiguous provisions interpreted in favor of the tribe." *Id*. ¶ 10. Because such a waiver cannot be implied, we concluded, "waivers of sovereign immunity cannot be created by implication through activities such as participation in the state's workers' compensation program."

*Id.* ¶ 18. In this case, the recommended resolution was to dismiss the case for lack of subject matter jurisdiction. Employers' acceptance of this proposed resolution indicates not that there was a waiver, but rather that Employers agreed that there was no jurisdiction. Accordingly, we hold that Employers' participation in the WCA proceedings did not waive tribal sovereign immunity.

Moreover, Worker's reliance on *Martinez v. Cities of Gold Casino*, is misplaced. 2009-NMCA-087, ¶ 16, 146 N.M. 735, 215 P.3d 44. In *Martinez*, this Court made it clear that "voluntary participation in workers' compensation does not act as a waiver of sovereign immunity." *Id.* ¶ 27. Instead, tribal employers waive their immunity only by explicitly doing so, for example, by agreeing that "the [WCA] does have jurisdiction over this claim" or by stating that "[j]urisdiction of [WCA] is not contested." *Id.* ¶ 5 (alterations in original). The tribal employer in *Martinez* made both of those statements—and it was on the basis of those explicit waivers that we endorsed the WCJ's jurisdiction in that case. *Id.* ¶ 28.

**D.   Significance of the Gaming Compact**

Finally, we consider Worker's argument that the gaming compact between the tribe and the State gives the WCA jurisdiction to hear this claim. This Court rejected an identical argument in *Martinez*. *Id.* ¶ 26; *see Antonio*, 2010-NMCA-077, ¶¶ 17, 19-20 (holding that "This Court's precedent is clear that [the gaming compact] does not

8

constitute an express waiver of immunity for purposes of resolving workers' compensation disputes."); *see also* NMSA 1978, § 11-13-1 (4)(B)(6) (codifying the gaming compact). Worker concedes that *Martinez* directly forecloses his argument on this issue and asks us to overrule it. We refuse to do so. It is firmly established that the gaming compact does not waive tribal sovereign immunity in workers' compensation claims, and we believe *Martinez* correctly applied that principle.

**CONCLUSION**

For these reasons, we affirm the order of the WCJ dismissing this case. Worker points to no evidence that Congress intended to allow state workers' compensation claims against Employers, and Employers have not waived their immunity. As indicated above, it is unclear whether Worker appealed the denial of his workers' compensation claim within the tribal system, but as this Court stated in *Antonio*, the proper remedy lies there, not with the WCA. "The Tribe's current worker's compensation program provides for a remedy in tribal court[,]" and where a worker has not appeared in tribal court, any "argument that the Tribe's [program] is insufficient is speculative and incapable of review." *Antonio*, 2010-NMCA-077, ¶ 21.

**IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

9

**WE CONCUR**:

_____

**CELIA FOY CASTILLO, Chief Judge**

_____

**JAMES J. WECHSLER, Judge**