**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2009-NMCA-056**

**Filing Date:  May 5, 2009**

**Docket No. 28,777**

**CRUZ HOLGUIN,**

      **Plaintiff-Appellee,**

**v.**

**TSAY CORPORATION,**

      **Defendant-Appellant.**

**APPEAL FROM THE DISTRICT COURT OF RIO ARRIBA COUNTY**
**Timothy L. Garcia, District Judge**

Timothy L. Butler
Santa Fe, NM

for Appellee

Bergen Law Offices, L.L.C.
Lee Bergen
Albuquerque, NM

for Appellant

**OPINION**

**SUTIN, Judge.**

**{1}**    On September 29, 2007, Cruz Holguin won a random drawing for a $250,000 prize at the Ohkay Owingeh Casino and Resort (the Casino) that Tsay Corporation (Tsay) sponsored.  Holguin alleged that Tsay refused to pay him $250,000 and instead required him "to elect to receive either $125,000 less income tax withholding or to receive payment of $250,000 spread over a period of [twenty] years."  Pursuant to a limited waiver of immunity contained in a Tribal-State Class III Gaming Compact, a patron of the Casino was entitled to sue Tsay for damages arising out of bodily injury or property damage.  Holguin sued Tsay for damages for breach of contract, conversion, unfair practices, and for two counts of

1

invasion of privacy. Tsay moved to dismiss under Rule 1-012(B)(1) NMRA for lack of subject matter jurisdiction based on tribal sovereign immunity from suit. The district court granted Tsay's motion as to three counts, but denied Tsay's motion as to two counts of invasion of privacy. Tsay obtained a district court certification for an interlocutory appeal and sought relief in this Court pursuant to an interlocutory appeal, alternatively, a writ of error.

**{2}** This Court granted the interlocutory appeal, but now grants Tsay's petition for a writ of error and reverses the district court. This Court has jurisdiction under the collateral order doctrine. That doctrine permits interlocutory relief from a denial of a motion to dismiss based on tribal sovereign immunity. *See Carrillo v. Rostro*, 114 N.M. 607, 616, 617-19, 845 P.2d 130, 139, 140-42 (1992) (adopting the collateral order doctrine and prescribing a writ of error as the proper procedural device for review of a denial of a motion for summary judgment); *see also Osage Tribal Council ex rel. Osage Tribe of Indians v. United States Dep't of Labor*, 187 F.3d 1174, 1178-80 (10th Cir. 1999) (holding that the denial of a tribal immunity claim satisfies the collateral order doctrine and stating "tribal immunity is of the sort that is immediately appealable").

**{3}** We hold that Tsay is immune from suit based on a claim for emotional injury resulting from invasion of privacy. Therefore, the district court does not have subject matter jurisdiction of Holguin's claim.

## BACKGROUND

**{4}** Holguin's complaint alleged that he participated in one of Tsay's "Million Dollar Giveaway" drawings (the drawing), that he reasonably believed that he was entitled to the full $250,000 he had won from the drawing, that Tsay refused to pay him the full $250,000, that Tsay falsely advertised Holguin as winning the full $250,000, and that Tsay reaped significant economic benefit by that false and misleading advertisement and from the unauthorized use and appropriation of his likeness and name.

**{5}** Tsay's motion to dismiss relied on provisions relating to its limited waiver of immunity contained in the Tribal-State Class III Gaming Compact between the State of New Mexico and Ohkay Owingeh (amended April 24, 2007), approved by the Principal Deputy Assistant Secretary of the Department of the Interior, 72 Fed. Reg. 36,717 (July 5, 2007) (the Compact). Tsay is a tribal entity owned by Ohkay Owingeh, and Tsay operates the Casino.

**{6}** Section 8(A) of the Compact sets out a "policy concerning protection of visitors." This provision states that "[t]he safety and protection of visitors to a [g]aming [f]acility is a priority of the Tribe, and it is the purpose of this [s]ection to assure that any such persons who suffer bodily injury or property damage . . . [shall] have an effective remedy for obtaining fair and just compensation." Section 8(D) of the Compact states that "[t]he Tribe . . . waives its defense of sovereign immunity in connection with any claims for

2

compensatory damages for bodily injury or property damage . . . . This is a limited waiver and does not waive the Tribe's immunity from suit for any other purpose."

**{7}** Tsay also relied on two other documents: (1) an Ohkay Casino document titled "$1 Million Giveaway Rules & Regulations" (the rules) that applied to the drawing, and (2) an Ohkay Casino information data sheet on which there is a "Photograph Release Agreement" signed by Holguin (the release). The rules state that the "[w]inner of $250,000 will have the choice of half the $250,000 cash ($125,000) or an annuity option valued at $250,000 over a 20-year span." The rules further state that "[w]inners agree that as a condition of prize acceptance, the Ohkay Casino . . . is authorized to use winner's name and photo for advertising and publicity with no compensation." The release states that "Ohkay Casino . . . *has* sole permission to use my name [and] photograph . . . for the purpose of advertisement and give all further and future rights to those images."

**{8}** The district court denied Tsay's motion to dismiss as to the two counts of invasion of privacy and certified the action for interlocutory appeal, stating that its order involved "a controlling question of law concerning the scope of tribal sovereign immunity as set forth in [Section] 8 of [the Compact]."

**DISCUSSION**

**{9}** We review a district court's ruling on a Rule 1-012(B)(1) lack of subject matter jurisdiction issue de novo. *Sanchez v. Santa Ana Golf Club, Inc*., 2005-NMCA-003, ¶ 4, 136 N.M. 682, 104 P.3d 548 (filed 2004). We also review de novo whether an Indian tribe or an entity under its control has waived its sovereign immunity. *Id.*

**{10}** Tsay argues that the words "bodily injury" and "property damage" unambiguously require physical damage to a patron's person or property and cannot be construed to mean or include emotional injury resulting from the invasion of privacy alleged. We agree with Tsay.

**{11}** As New Mexico law has developed, the words "bodily injury" and "property damage" in Subsections 8(A) and (D) of the Compact relating to the safety of visitors and limited waiver of immunity are not ambiguous and mean "physical damage to . . . persons or property." *R & R Deli, Inc*. v. *Santa Ana Star Casino*, 2006-NMCA-020, ¶¶ 21-25, 28, 139 N.M. 85, 128 P.3d 513 (filed 2005). The drafters intended to provide a remedy to patrons who suffer physical injury to their persons or property. *Id.* ¶¶ 22, 24, 28. A waiver of immunity beyond that which is written in the Compact cannot be implied but must be express and unequivocal; also, a limited waiver must be strictly construed. *Id.* ¶ 10; *Sanchez*, 2005-NMCA-003, ¶¶ 7, 10; *see Missouri River Servs., Inc. v. Omaha Tribe of Neb.*, 267 F.3d 848, 852 (8th Cir. 2001) (stating that the waiver "must be clear" and when a tribe consents to suit, "any conditional limitation it imposes on that consent must be strictly construed and applied" (internal quotation marks and citations omitted)); *Gallegos v. Pueblo of Tesuque*, 2002-NMSC-012, ¶ 7, 132 N.M. 207, 46 P.3d 668 ("A tribe can . . . waive its

3

own immunity by unequivocally expressing such a waiver. . . . Without an unequivocal and express waiver of sovereign immunity . . ., state courts lack the power to entertain lawsuits against tribal entities." (citations omitted)).

{12}    Analyses in cases interpreting language in insurance contracts can be relevant to issues of sovereign immunity. *See Brenneman v. Bd. of Regents of Univ. of N.M.*, 2004-NMCA-003, ¶¶ 6-8, 135 N.M. 68, 84 P.3d 685 (filed 2003). Requiring physical injury when applying the term "bodily injury" in insurance contracts is fixed law in New Mexico. *See Gonzales v. Allstate Ins. Co.*, 122 N.M. 137, 138, 140, 921 P.2d 944, 945, 947 (1996) (holding the term "bodily injury" in the insurance policy at issue was not ambiguous and that emotional distress from loss of consortium did not constitute bodily injury or fall within that term); *Hart v. State Farm Mut. Auto. Ins. Co.*, 2008-NMCA-132, ¶¶ 8-10, 145 N.M. 18, 193 P.3d 565 (determining that New Mexico cases addressing whether emotional injury is included in the concept of "bodily injury" required the conclusion that the child did not suffer bodily injury), *cert. denied*, 2008-NMCERT-008, 145 N.M. 254, 195 P.3d 1266; *Economy Preferred Ins. Co. v. Jia*, 2004-NMCA-076, ¶ 11, 135 N.M. 706, 92 P.3d 1280 (stating that to interpret the terms of the insurance policy, the court "must differentiate between bodily injury and emotional injury," and stating that "the alternative would be to extend coverage for bodily harm to all emotional injury, a result that is inconsistent . . . with common-sense notions of what a reasonable insured would understand from the policy language").

{13}    We can see no basis on which the district court could have appropriately denied Tsay's motion to dismiss as to the two counts of invasion of privacy. Holguin has presented no argument or authority that overcomes the controlling law requiring physical injury or damage. We are unpersuaded by Holguin's argument that use of his name and likeness is no different than if he were robbed of his jewelry and money at gunpoint. We leave that hypothetical, which, unlike the present case, involves threat, risk, and potential of physical harm, for another day. Presently, we are dealing solely with an alleged emotional injury resulting from an alleged inchoate, incorporeal invasion of his privacy. We cannot characterize Holguin's claim as one for damages for physical injury to himself or physical damage to property, and thus cannot characterize the claim as one for bodily injury or property damage.

**CONCLUSION**

{14}    We reverse the district court's denial of Tsay's motion to dismiss as to the two counts of invasion of privacy. We hold that Tsay's motion with regard to these counts should have been granted. We instruct the court to enter an order dismissing Holguin's complaint as it pertains to these two remaining counts for lack of subject matter jurisdiction.

{15}    **IT IS SO ORDERED.**

_____

4

**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____

**CYNTHIA A. FRY, Chief Judge**

_____

**ROBERT E. ROBLES, Judge**

**Topic Index for** _Holguin v. Tsay Corporation_**, No. 28,777**

| **CP** | **CIVIL PROCEDURE** |
| CP-CO | Collateral Order |

| **GV** | **GOVERNMENT** |
| GV-SI | Sovereign Immunity |

| **IL** | **INDIAN LAW** |
| IL-GA | Gaming |
| IL-IG | Indian Law, General |
| IL-TJ | Tribal and State Authority and Jurisdiction |