**Certiorari Denied, March 23, 2010, No. 32,245**

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2010-NMCA-034**

**Filing Date: January 26, 2010**

**Docket No. 28,444**

**GARY HOFFMAN,**

 **Plaintiff-Appellant,**

**v.**

**SANDIA RESORT AND CASINO,**

 **Defendant-Appellee.**

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Linda M. Vanzi, District Judge**

Paul Livingston
Placitas, NM

Bregman & Loman, PC
Sam Bregman
Eric R. Loman
Albuquerque, NM

for Appellant

Sutin, Thayer & Browne, PC
Paul Bardacke
C. Shannon Bacon
Albuquerque, NM

Sonosky, Chambers, Sachse, Mielke, & Brownell
David C. Mielke
Albuquerque, NM

for Appellee

1

Norhaus Law Firm, LLP
Wayne H. Bladh
Santa Fe, NM

Rodina Cole Cave
Albuquerque, NM

for Amicus Pueblo of Laguna

Bergen Law Offices, LLC
Lee Bergen
Albuquerque, NM

for Amicus Ohkay Owingeh Pueblo

Sonosky, Chambers, Sachse, Mielke & Brownell
David C. Mielke
Albuquerque, NM

for Amicus Pueblo of Isleta

VanAmberg, Rogers, Yepa, Abeita, & Gomez, LLP
Bryant Rogers
Santa Fe, NM

for Amicus Pueblo of Nambe

Maxine R. Velasquez
San Felipe Pueblo, NM

for Amicus Pueblo of San Felipe

Frank A. Demolli
Santa Fe, NM

for Amicus Pueblo of Pojoaque

## OPINION

**CASTILLO, Judge.**

{1}     This case presents us with another question regarding the extent of tribal sovereign immunity.  Appellant Hoffman brought suit in district court based on his claims that Sandia Resort and Casino (Sandia) wrongfully refused to pay him a gambling prize.  Holding that

2

tribal sovereign immunity applies, we affirm the district court's grant of Sandia's motion to dismiss based on lack of subject matter jurisdiction.

## BACKGROUND

**{2}**     On August 16, 2006, Hoffman was a visitor at Sandia and began playing the Mystical Mermaid slot machine.  At some point during play, the machine indicated that Hoffman had won $1,597,244.10.  Sandia did not pay any prize money to Hoffman because, according to Sandia, the machine had malfunctioned and the malfunction voided all play on the machine. Hoffman followed the regulations of the Sandia Gaming Commission and appealed Sandia's determination regarding non-payment.  The Commission affirmed Sandia's decision that Hoffman was not entitled to any of the award indicated on the machine.

**{3}**     Having exhausted his tribal remedies, Hoffman then filed a complaint in the Second Judicial District Court alleging breach of contract, prima facie tort, and violation of the Unfair Practices Act.  Sandia filed a motion to dismiss claiming that because the casino was a wholly-owned, operated, and unincorporated enterprise of the Pueblo of Sandia, sovereign immunity barred Hoffman's suit.  Hoffman countered by arguing first that there were disputed facts regarding Sandia's relationship to Sandia Pueblo (the Pueblo) and the malfunction of the machine.  Hoffman also argued that the Tribal-State Class III Gaming Compact (Compact), NMSA 1978, §§ 11-13-1 to -2 (1997), entered into between the State of New Mexico and Sandia waived Sandia's sovereign immunity with respect to his claims. The district court rejected Hoffman's arguments, decided that tribal sovereign immunity applied, and granted Sandia's motion to dismiss.  This appeal followed.

## DISCUSSION

**{4}**     Hoffman's primary argument on appeal is that the waiver of immunity and choice of law provisions in Sections 8(A) and 8(D) of the Compact establish that Sandia waived sovereign immunity with respect to his claims for breach of contract, prima facie tort, and violation of the Unfair Practices Act.  As a preliminary matter, however, Hoffman contends that factual disputes preclude dismissal.  And in his last argument, Hoffman asserts that sovereign immunity is an anachronistic legal theory and asks us to abandon it and its application in his case.  We address these arguments in reverse order.

### A.     Abandonment of Sovereign Immunity as a Legal Principle

**{5}**     We may readily dismiss Hoffman's argument that we should abandon sovereign immunity as a legal principle.  We have no authority to decline to follow precedent established by our superior courts.  *See Alexander v. Delgado*, 84 N.M. 717, 718, 507 P.2d 778, 779 (1973) ("[A] court lower in rank than the court which made the decision invoked as a precedent cannot deviate therefrom and decide contrary to that precedent[.]" (internal quotation marks and citation omitted)).

**{6}**     Both the United States Supreme Court and the New Mexico Supreme Court recognize tribal sovereign immunity as a legitimate legal doctrine of significant historical

pedigree. *See Puyallup Tribe, Inc. v. Dep't of Game*, 433 U.S. 165, 172 (1977) (stating that "it is settled that a state court may not exercise jurisdiction over a recognized Indian tribe"); *Gallegos v. Pueblo of Tesuque*, 2002-NMSC-012, ¶ 7, 132 N.M. 207, 46 P.3d 668 ("Indian tribes have long been recognized as possessing the common-law immunity from suit traditionally enjoyed by sovereign powers." (internal quotation marks and citations omitted)). Accordingly, we will proceed with Hoffman's remaining argument.

## B. Factual Disputes

**{7}** We now turn to Hoffman's preliminary argument. He claims that there is a question of fact regarding the relationships among Sandia Casino, Sandia Pueblo, and the Sandia Gaming Commission such that he should have been allowed to conduct discovery "concerning insurance coverage, corporate status and organization, or the facts concerning the occurrence, investigation, or results of any inquiry" about the non-payment of his winnings. We disagree.

**{8}** This matter came before the district court on a motion to dismiss for failure to state a claim under Rule 1-012(B)(6) NMRA. In reviewing a motion to dismiss for failure to state a claim, we take the well-pleaded facts alleged in the complaint as true and test the legal sufficiency of the claims. *Envtl. Control, Inc. v. City of Santa Fe*, 2002-NMCA-003, ¶ 6, 131 N.M. 450, 38 P.3d 891 (filed 2001). In his complaint, Hoffman identified Sandia as a resort hotel and casino and made no allegations that Sandia was an entity separate from or unrelated to Sandia Pueblo.

**{9}** The complaint does acknowledge that Hoffman went through Sandia's grievance and appeal process, thus admitting the connection between Sandia and its gaming commission. While there are allegations of non-payment, there are no allegations regarding an investigation or inquiry about the non-payment.

**{10}** We have concerns about Hoffman's argument. Generally, the district court need not allow discovery before granting a Rule 1-012(B)(6) motion. *See Rio Grande Kennel Club v. City of Albuquerque*, 2008-NMCA-093, ¶ 10, 144 N.M. 636, 190 P.3d 1131 (concluding "that the district court was not required to allow [the p]laintiffs to develop the factual record in order to decide the motions to dismiss"). Here, Sandia, in its motion to dismiss, describes itself as "a wholly-owned and operated, unincorporated enterprise of the Pueblo of Sandia . . . , a federally-recognized Indian tribe." Hoffman does not directly dispute this status; rather, he complains that he should have been given the opportunity to propound discovery on this issue and on the issue of the malfunctioning gaming machine before dismissal. Oddly, however, at no time during the pendency of this suit did Hoffman attempt to file any discovery requests about any issue in the case. Further, Hoffman provides no citation to authority for his argument here or below that discovery was required before dismissal. Issues raised in appellate briefs that are unsupported by cited authority will not be reviewed by us on appeal. *In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984) ("We have long held that to present an issue on appeal for review, an appellant must submit argument and authority as required by rule." (Emphasis omitted.)).

4

## C.    Sovereign Immunity and Hoffman's Claims

**{11}**    Hoffman's argument is straight-forward. He maintains that his claims were properly brought in district court because the unpaid slot machine winnings constitute property damage, and Section 8 of the Compact waives sovereign immunity for property damage. New Mexico case law does not support Hoffman's position.

**{12}**    Whether Sandia has waived its sovereign immunity with respect to Hoffman's claims is a question we review de novo. *Holguin v. Tsay Corp.*, 2009-NMCA-056, ¶ 9, 146 N.M. 346, 210 P.3d 243. "It has long been recognized that Indian tribes have the same common-law immunity from suit as other sovereigns." *R & R Deli, Inc. v. Santa Ana Star Casino*, 2006-NMCA-020, ¶ 10, 139 N.M. 85, 128 P.3d 513 (filed 2005). Tribal sovereign immunity precludes state courts from entertaining lawsuits against tribal entities. *Gallegos*, 2002-NMSC-012, ¶ 7. Corporate entities under tribal control are extended the same sovereign immunity as the tribe itself. *Sanchez v. Santa Ana Golf Club, Inc.*, 2005-NMCA-003, ¶ 6, 136 N.M. 682, 104 P.3d 548 (filed 2004). A tribe may waive its sovereign immunity, but such waivers must be "express and unequivocal." *R & R Deli*, 2006-NMCA-020, ¶ 10. "Because a tribe need not waive immunity at all, it is free to prescribe the terms and conditions on which it consents to be sued, and the manner in which the suit shall be conducted. Any such conditions or limitations must be strictly construed and applied." *Id.* (internal quotation marks and citations omitted).

**{13}**    As Sandia concedes, the Compact contains specific provisions which effect a limited and specific waiver of tribal sovereign immunity with respect to the Indian tribes in New Mexico engaged in gaming. The Compact was negotiated under the comprehensive scheme of the Indian Gaming Regulatory Act, 25 U.S.C. §§ 2701 through 2721 (2000), a seminal federal statute which "established the framework under which Indian tribes and states could negotiate compacts permitting . . . gaming on Indian reservations located within state territory." *Doe v. Santa Clara Pueblo*, 2007-NMSC-008, ¶ 6, 141 N.M. 269, 154 P.3d 644 (internal quotation marks and citation omitted). Both the pueblos and the state were involved in negotiating the terms of the Compact under the Compact Negotiation Act. *Id.* "That negotiation process led to the various provisions of the Compact, including Section 8, with which we are concerned in this case." *Doe*, 2007-NMSC-008, ¶ 6. As pointed out by the Amici, all of the Indian tribes engaged in gaming in the State of New Mexico operate under the same Compact. Amici in this case consists of the Pueblos of Isleta, Laguna, Nambe, Ohkay Owingeh, Pojoaque, and San Felipe; each Indian tribe is located in New Mexico and engaged in the enterprise of gaming and subject to the Compact.

**{14}**    Hoffman relies on language in Sections 8(A) and 8(D) of the Compact to establish that Sandia waived its sovereign immunity with respect to his claims.

**{15}**    Section 8(A) of the Compact provides, in pertinent part:

> The safety and protection of visitors to a Gaming Facility is a priority of the Tribe, and it is the purpose of this Section to assure that any such persons who suffer bodily injury or property damage proximately caused by the

5

conduct of the Gaming Enterprise have an effective remedy for obtaining fair and just compensation. To that end, in this Section, and subject to its terms, the Tribe . . . agrees to a limited waiver of its immunity from suit, and agrees to proceed either in binding arbitration proceedings or in a court of competent jurisdiction, at the visitor's election, with respect to claims for bodily injury or property damage proximately caused by the conduct of the Gaming Enterprise. For purposes of this Section, any such claim may be brought in state district court, including claims arising on tribal land[.]

*Id.* (internal quotation marks and citation omitted); *see R & R Deli*, 2006-NMCA-020, ¶ 18. Section 8(D) of the Compact states that the Pueblo "waives its defense of sovereign immunity in connection with any claims for compensatory damages for bodily injury or property damage up to the amount of fifty million dollars ($50,000,000) per occurrence asserted as provided in this section." *R & R Deli*, 2006-NMCA-020, ¶ 18.

**{16}** As a matter of convenience, we observe that subsections (A) and (D) both fall within Section 8 of the Compact and both provide a waiver with respect to claims for bodily injury or property damage. As such, they are plainly part of the same single waiver. Accordingly, we need not refer to the two provisions independently throughout our discussion. Rather, we will merely refer to them collectively as the waiver provision of Section 8.

**{17}** Generally, "Section 8 addresses subject matter jurisdiction over personal injury claims against the Pueblos resulting from incidents occurring on Indian land in connection with Class III gaming." *Doe*, 2007-NMSC-008, ¶ 8. Our Court has previously addressed the meaning of the Section 8 waiver language in *R & R Deli*, 2006-NMCA-020, and *Holguin*, 2009-NMCA-056. *R & R Deli* dealt with a variety of contract and tort claims brought against tribal entities by a commercial lessee. 2006-NMCA-020, ¶ 6. In affirming the district court's dismissal of all claims based on sovereign immunity, we looked to the intent of the drafters and concluded that they "intended to provide a limited waiver of sovereign immunity for purposes of providing a remedy to casino patrons who suffer *physical injury* to their persons or property." *Id.* ¶ 24 (emphasis added). Although we did not define with specificity what constitutes a physical injury to a casino patron's person or property, we did reach two conclusions that provide guidance: (1) personal injury claims brought by casino patrons are one but not the only form of physical injury clearly contemplated by the Compact language, *R & R Deli*, 2006-NMCA-020, ¶¶ 21-22, 24; and (2) contract law and business tort claims are not claims for physical damage to property as contemplated by Section 8 of the Compact. *R & R Deli*, 2006-NMCA-020, ¶ 19.

**{18}** In our second case, the plaintiff in *Holguin* won a random drawing for a $250,000 prize at a New Mexico tribal gaming facility. 2009-NMCA-056, ¶ 1. He disagreed with the manner in which he would be allowed to collect on the prize so he brought suit in district court for breach of contract, conversion, unfair practices, and for two counts of invasion of privacy. *Id.* On appeal, we held that sovereign immunity barred all claims. *See id.* ¶ 3. We repeated our holding in *R & R Deli*: the words "bodily injury" and "property damage" in Section 8 of the Compact relate to the safety of visitors and mean—as the plain meaning of the words imply—"physical damage to . . . persons or property." *Holguin*, 2009-NMCA-

6

056, ¶ 11.

**{19}** Hoffman argues that the "personal injury" requirement was wrongly decided in *R & R Deli* because the holding was based on interpreting Section 8 to apply to "bodily injury *and* property damage" instead of "bodily injury *or* property damage." (Emphasis added.) According to Hoffman, the misappropriation of "and" for "or" permitted us to draw the incorrect conclusion that the Compact was concerned only with physical injury to the persons or property of casino patrons. We disagree. Hoffman's argument is based on a far too circumscribed reading of our analysis in *R & R Deli*. Whether the words are connected by an "and" or an "or" is not determinative. Careful review of the analysis reveals that it was based on the use of the words "bodily injury" and "property damage" employed together consistently throughout Section 8 of the Compact. *R & R Deli*, 2006-NMCA-020, ¶ 21. We relied on the close juxtaposition of these terms, not the conjunction between them. *Id.*

**{20}** Hoffman also disputes the district's court's determination that he has no property damage. According to Hoffman, when the Sandia slot machine indicated that he had won a jackpot and jackpot rounds totaling approximately 1.6 million, he was entitled to consider the unpaid winnings his "property." While he acknowledges his damage was not based on a direct physical injury to his body, he maintains that it constituted "damage" to his property. *See Kosiba v. Pueblo of San Juan*, 2006-NMCA-057, 139 N.M. 533, 135 P.3d 234; *Computer Corner, Inc. v. Fireman's Fund Ins. Co.*, 2002-NMCA-054, 132 N.M. 264, 46 P.3d 1264; *see also Devlin v. United States*, 352 F.3d 525 (2d Cir. 2003). Hoffman argues that New Mexico law does not require "a physical injury requirement" to his damage claim. Hoffman misreads the law as it relates to tribal sovereign immunity.

**{21}** *Computer Corner, Inc.* concerned an insurance company's duty to indemnify an insured. 2002-NMCA-054, ¶¶ 1, 4. The term "property damage" appears in that opinion because the insurance contract in dispute excluded specific types of property damage as specifically defined in that contract. *Id.* ¶¶ 14-19. The case had nothing to do with the use of this term in the Compact. In *Kosiba*, the plaintiff alleged that the loss of his gaming license had been caused by improper governmental action of the Pueblo's gaming commission. 2006-NMCA-057, ¶ 12. We held that the plaintiff had no standing to assert the waiver of immunity contained in Section 8, because the waiver in Section 8 "is limited to victims of whose injuries are caused by the conduct of the Gaming Enterprise." *Kosiba*, 2006-NMCA-057, ¶ 12. We fail to see how this holding advances Hoffman's case. Lastly, in *Devlin*, the Second Circuit was required to interpret the term "injury of loss of property" under the Federal Tort Claims Act (FTCA). *Devlin*, 352 F.3d at 529-30. We do not see how interpretation of the language in the FTCA has any bearing on the interpretation of the waiver language in the Compact, especially in light of New Mexico law that sets out the meaning of property damage as contemplated by Section 8. *See R & R Deli*, 2006-NMCA-020, ¶ 19 (holding that neither breach of contract nor tort claims constitute property damage as contemplated by the Compact); *see also Holguin*, 2009-NMCA-056, ¶ 13 (holding that invasion of privacy claims and the alleged emotional injuries stemming from those claims do not constitute property damage as contemplated by the Compact). Rather, the Compact provides a limited waiver of sovereign immunity for physical damage to casino patrons or their property proximately caused by the gaming enterprise. *Holguin*, 2009-NMCA-056, ¶

11; *R & R Deli*, 2006-NMCA-020, ¶¶ 21, 24.  The term physical injury or damage refers literally to the physical destruction or impairment of the tangible property of a casino patron. *See Holguin*, 2009-NMCA-056, ¶ 13 (observing that incorporeal claims do not constitute physical damage to property as contemplated by the Compact).

**{22}**　Hoffman cites to *Doe*, 2007-NMSC-008, ¶ 18, and he argues that sovereign immunity does not apply in this case because Sandia's actions in refusing to pay Hoffman his winnings are inconsistent with "the effective *regulation* of Class III Gaming."  Hoffman complains that there are no regulations, rules, or procedures to ensure that Sandia's gaming is conducted fairly and honestly.  He also points to *Romero v. Pueblo of Sandia*, 2003-NMCA-137, ¶ 15, 134 N.M. 553, 80 P.3d 490, as a case that stands for the proposition that one of the purposes of the Compact is to ensure that casino gaming is conducted fairly and honestly. We have difficulty  understanding Hoffman's contentions, but he appears to be arguing that the Compact covers the regulation of Class III gaming, the Compact must ensure that gaming is conducted fairly and honestly, Sandia's non-payment of his jackpot is not fair or honest, and his only effective remedy is to be able to bring suit in district court.  As we explained in paragraph six above, the doctrine of sovereign immunity applies to Indian tribes.  Section 8 of the Compact provides a limited waiver of sovereign immunity for the claims of casino patrons that are based on physical injury to their persons or property.  Hoffman's claims cannot be so classified.  Sovereign immunity bars his claims.

**CONCLUSION**

**{23}**　Based on the foregoing, we affirm the ruling of the district court.

**{24}**　**IT IS SO ORDERED.**

_____
**CELIA FOY CASTILLO, Judge**

**WE CONCUR:**

_____
**RODERICK T. KENNEDY, Judge**

_____
**MICHAEL E. VIGIL, Judge**

**Topic Index for *Hoffman v. Sandia Resort and Casino*, No. 28,444**

| CP | CIVIL PROCEDURE |
|---|---|
| CP-MD | Motion to Dismiss |

| CT | CONSTITUTIONAL LAW |
|---|---|
| CT-IM | Immunity |

| | |
|---|---|
| **GV** | **GOVERNMENT** |
| GV-SI | Sovereign Immunity |
| | |
| **IL** | **INDIAN LAW** |
| IL-GA | Gaming |
| IL-IG | Indian Law, General |
| IL-TC | Tribal Court Jurisdiction |
| IL-TJ | Tribal and State Authority and Jurisdiction |
| | |
| **JD** | **JURISDICTION** |
| JD-SM | Subject Matter |