IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: 2013-NMCA-010

Filing Date: October 22, 2012

Docket No. 31,363

PING LU, JILL MCKEON, RICHARD
MCKEON, STEPHEN SPENCER, SPENCER
STOPA, and JUDY C. WINNEGAR, on their
own behalf and on behalf of a class of similarly
situated persons,

       Plaintiffs-Appellants,

v.

THE EDUCATION TRUST BOARD OF
NEW MEXICO, THE EDUCATION PLAN
TRUST OF NEW MEXICO, and THE STATE
OF NEW MEXICO,

       Defendants-Appellees.

APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY
Stephen D. Pfeffer, District Judge

Rothstein, Donatelli, Hughes, Dahlstrom,
Schoenburg & Bienvenu, LLP
John C. Bienvenu
Kristina Martinez
Brendan K. Egan
Santa Fe, NM

Keller Rohrback LLP
Benjamin Gould
Seattle, WA

for Appellants

Gary K. King, Attorney General
Matthew E. Jackson, Assistant Attorney General
Santa Fe, NM

1

for Appellees

Freedman Boyd Hollander Goldberg
Ives & Duncan, P.A.
Joseph Goldberg
John W. Boyd
Vincent J. Ward

for Amici Curiae

**OPINION**

**VANZI, Judge.**

**{1}**    In this appeal, we consider whether the district court properly dismissed the State of New Mexico as a defendant in a class action suit for breach of contract on the basis of sovereign immunity.  The district court dismissed the State after determining that a specific statutory provision of the Education Trust Act (the Act),  NMSA 1978, Sections 21-21K-1 to -7 (1997, as amended through 2011), addressing sources of monetary recovery for liabilities or contractual obligations arising under the Act amounted to sovereign immunity for the State.  *See* § 21-21K-3(C).  We conclude that the district court erred in granting the State's motion to dismiss on this basis.  Accordingly, we reverse.

**BACKGROUND**

**{2}**    Plaintiffs represent a class of investors in the State of New Mexico's qualified higher education tuition programs.  Established by the Act, these programs are tax-advantaged college savings plans established in compliance with Section 529 of the Internal Revenue Code of 1986 and are thus commonly known as "529 plans."  In New Mexico, the Education Trust Board (the Board) is the entity responsible for administering the State's 529 plans, and the Education Trust Fund (the Fund), located within the State treasury, holds "all money received pursuant to college investment agreements and prepaid tuition contracts" under the State's 529 plans.  Sections 21-21K-3(A), -4(A).  In addition, the Board has established a trust (the Trust) which is "a vehicle for the [B]oard to carry out the provisions of the [A]ct and . . . to protect the financial integrity of the . . . [F]und."  5.7.30.8(A) NMAC (11/15/2001) (internal quotation marks omitted).

**{3}**    In 2009, Plaintiffs initiated a class action lawsuit for breach of contract against the Board and the Education Plan Trust of New Mexico.  Plaintiffs later amended their complaint to add the State of New Mexico as a defendant.  Plaintiffs alleged in their amended complaint that they had entered into written contracts with Defendants in order to participate in the State's 529 plans and that Defendants breached these contracts by mismanaging Plaintiffs' investments and wrongfully investing in high risk ventures rather than the conservative fixed-income investments that Plaintiffs had contracted for.  In

2

addition to seeking compensatory damages for the breach of contract claim, Plaintiffs sought injunctive and declaratory relief.

**{4}** After it was added as a defendant, the State moved to dismiss by filing a Rule 1-012(B)(1) NMRA motion for lack of subject matter jurisdiction. The State's primary argument for dismissal involved a sentence within Section 21-21K-3(C) of the Act providing that "[n]othing in the . . . Act creates any obligation, legal, moral or otherwise, to fulfill the terms of any college investment agreement or prepaid tuition contract out of any source other than the . . . [F]und." The State argued that this language in Section 21-21K-3(C) overrides NMSA 1978, Section 37-1-23(A) (1976), the statute granting governmental immunity from contract actions not "based on a valid written contract." The State also made arguments grounded in public policy, contending that the Act should be read to limit the State's liability in order to protect the public fisc.

**{5}** After a hearing, the district court granted the State's motion. In its oral ruling from the bench, the district court explained that:

> I agree with the State there's no purpose in that second sentence [of Section 21-21K-3(C)] other than to make it clear that it is only the . . . [F]und that is a source for a recovery. . . . It's the [c]ourt's belief and finding that [Section] 21-21K-3[(C)] is a specific statute regarding liabilities of the State which overrides any general provision such as [Section] 37-1-23. And as such, there is no waiver of sovereign immunity.

The court subsequently entered a written order dismissing the State as a party to the lawsuit and finding that "the . . . Fund is the only potential source of recovery from State funds in this case."

**{6}** The court certified the order for interlocutory appeal, noting that the case involved a "controlling question of law as to which there is substantial ground for difference of opinion." *See* NMSA 1978, § 39-3-4(A) (1999). Plaintiffs subsequently filed an application for interlocutory appeal with this Court. However, we determined that the district court's order of dismissal constituted a final, appealable order with respect to the State and, therefore, the dismissal conferred an appeal as of right. *See* Rule 1-054(B)(2) NMRA ("When multiple parties are involved, judgment may be entered adjudicating all issues as to one or more, but fewer than all parties. Such judgment shall be a final one unless the court . . . expressly provides otherwise."). Plaintiffs and the State thereafter submitted briefing to this Court, and we permitted the Board to file an amicus brief on its behalf although it is not a party to this appeal.

**DISCUSSION**

**{7}** On appeal, Plaintiffs contend that the district court erroneously granted the State's Rule 1-012(B)(1) motion to dismiss based on the State's claim of sovereign immunity. We

apply de novo review to a district court's ruling on a Rule 1-012(B)(1) motion to dismiss for lack of subject matter jurisdiction. *Tri-State Generation & Transmission Ass'n, Inc. v. King*, 2003-NMSC-029, ¶ 4, 134 N.M. 467, 78 P.3d 1226; *Holguin v. Tsay Corp.*, 2009-NMCA-056, ¶ 9, 146 N.M. 346, 210 P.3d 243. In addition, to the extent that this appeal involves interpretation of the Act, our standard of review is de novo. *N.M. Indus. Energy Consumers v. N.M. Pub. Regulation Comm'n*, 2007-NMSC-053, ¶ 19, 142 N.M. 533, 168 P.3d 105 ("Statutory interpretation is an issue of law, which we review de novo.").

**{8}** It is a well-established and oft-repeated principle in our judicial system that subject matter jurisdiction is "the power to adjudicate the general questions involved in the claim and is not dependent upon the state of facts which may appear in a particular case, or the ultimate existence of a valid cause of action." *Gonzales v. Surgidev Corp.*, 120 N.M. 133, 138, 899 P.2d 576, 581 (1995); *Lyndoe v. D.R. Horton, Inc.*, 2012-NMCA-___, ¶ 12, ___ P.3d ___, (No. 30,663, July 24, 2012) (defining subject matter jurisdiction as the "power of a court to hear and determine cases"). Our Supreme Court has directed that "[t]he only relevant inquiry in determining whether the court has subject matter jurisdiction is to ask whether the matter before the court falls within the general scope of authority conferred upon such court by the constitution or statute." *State v. Chavarria*, 2009-NMSC-020, ¶ 11, 146 N.M. 251, 208 P.3d 896 (alteration, internal quotation marks, and citation omitted); *see Marchman v. NCNB Tex. Nat'l Bank*, 120 N.M. 74, 83, 898 P.2d 709, 718 (1995) (stating that a "court has subject matter jurisdiction in an action if the case is within the general class of cases that the court has been empowered, by constitution or statute, to hear and determine"); *see also* 2 James W. Moore, *Moore's Federal Practice* § 12.30, at 12-35 (3d ed. 2010) (noting that "subject matter jurisdiction [motions] challenge[] the court's statutory or constitutional power to adjudicate the case").

**{9}** The source of a district court's subject matter jurisdiction derives from the New Mexico Constitution. *Lyndoe*, 2012-NMCA-___, ¶ 12. "New Mexico district courts are courts of general jurisdiction having the power to hear all matters not excepted by the constitution and those matters conferred by law." *Id.* In the present case, we are concerned with the district court's subject matter jurisdiction over a breach of contract class action involving the State. With respect to contract actions brought against governmental entities in New Mexico, the district court and the parties considered Section 37-1-23(A), which was enacted in response to the Supreme Court's abolishment of common law sovereign immunity. *Univ. of N.M. Police Officer's Ass'n v. Univ. of N.M.*, 2005-NMSC-030, ¶ 8, 138 N.M. 360, 120 P.3d 442 (discussing *Hicks v. State*, 88 N.M. 588, 544 P.2d 1153 (1976)), *superseded by statute on other grounds as stated in Gallagher v. Albuquerque Metro. Flood Control Auth.*, 90 N.M. 309, 563 P.2d 103 (Ct. App. 1977). Section 37-1-23(A) provides that "[g]overnmental entities are granted immunity from actions based on contract, *except* actions based on a valid written contract." (Emphasis added.) In order to "protect the public treasury" and "the taxpayer," Section 37-1-23(A) requires at a minimum that plaintiffs obtain a valid written contract in order to maintain a lawsuit against the State. *Univ. of N.M. Police Officer's Ass'n*, 2005-NMSC-030, ¶ 21. Because this case is based on valid written

4

contracts,[1] it seems beyond dispute that the district court, on the basis of its general jurisdiction, had subject matter jurisdiction over this case with the State as a defendant.

**{10}** However, the district court nonetheless relied on a sovereign immunity argument raised by the State on the basis of Section 21-21K-3(C) to divest itself of subject matter jurisdiction as to the State. *See* 5B Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure: Civil* § 1350, at 70-79 (3d ed. 2004) (explaining that the Rule 12(B)(1) motion to dismiss may be appropriate "when the plaintiff's claim is barred by one of the various aspects of the doctrine of sovereign immunity"); *see also Doe v. Santa Clara Pueblo*, 2007-NMSC-008, ¶ 27 n.6, 141 N.M. 269, 154 P.3d 644 (noting in the context of a claim of tribal sovereign immunity that "[a] waiver of immunity in state court inherently involves a state court's subject matter jurisdiction, and immunity waiver claims are often phrased as subject matter jurisdiction claims"); *Handmaker v. Henney*, 1999-NMSC-043, ¶ 14, 128 N.M. 328, 992 P.2d 879 (holding that "the issue of governmental immunity under Section 37-1-23(A) is jurisdictional in nature" (alteration, internal quotation marks, and citation omitted)). Section 21-21K-3(C) states:

> In no event shall any liability of, or contractual obligation incurred by, the program established pursuant to the provisions of the . . . Act obligate or encumber any of the [S]tate's land grant permanent funds, the severance tax permanent fund or any money that is a part of a [S]tate-funded financial aid program. Nothing in the . . . Act creates any obligation, legal, moral or otherwise, to fulfill the terms of any college investment agreement or prepaid tuition contract out of any source other than the . . . [F]und.

The State argued and the district court agreed that the second sentence of Section 21-21K-3(C) limited the source of monetary recovery to the Fund and that this language gave rise to the State's immunity from suit. As we explain below, we conclude that the district court's reasoning and holding were erroneous.

**{11}** Initially, we determine that Section 21-21K-3(C) includes no express grant of immunity for governmental entities in breach of contract actions. This is evident from the lack of any express reference in the provision to immunity or to Section 37-1-23(A). We presume that the Legislature was aware of "*Hicks*'s sweeping abolition of [common-law] sovereign immunity," *Torrance Cnty. Mental Health Program, Inc. v. N.M. Health & Env't Dep't*, 113 N.M. 593, 597, 830 P.2d 145, 149 (1992), and of Section 37-1-23(A) when it enacted the Act. *See State v. Maestas*, 2007-NMSC-001, ¶ 21, 140 N.M. 836, 149 P.3d 933

---

[1] For purposes of this appeal, it is undisputed that the parties entered into valid written contracts. The district court denied an earlier motion to dismiss filed by the Board in which the Board had argued that the plan agreements entered into between the parties were not contracts. No challenge to this ruling has been raised in this appeal, and we therefore assume that this case is based on the existence of valid written contracts.

(noting that when the Legislature enacts a statute, we presume that it is aware of existing statutes); *Inc. Cnty. of Los Alamos v. Johnson*, 108 N.M. 633, 634, 776 P.2d 1252, 1253 (1989) ("We presume that the [L]egislature is well informed as to existing statutory and common law."). We therefore find it significant that the Legislature included no express grant of immunity from suit for breach of contract actions involving New Mexico's 529 plans.

**{12}** We are also not persuaded that the language of Section 21-21K-3(C) implies, or is tantamount to, an immunity from suit for governmental entities in the context of contract actions involving the State's 529 plans. Although the parties have raised several arguments before this Court as to the correct interpretation of Section 21-21K-3(C), we need not engage in extensive statutory construction to delineate that the language of Section 21-21K-3(C) concerns, at most, limits on monetary sources of recovery for various aspects of the Act. *State v. Johnson*, 2009-NMSC-049, ¶ 10, 147 N.M. 177, 218 P.3d 863 ("The primary indicator of legislative intent is the plain language of the statute."). The first sentence of Section 21-21K-3(C) indicates that "liabilit[ies] of, or contractual obligation[s] incurred by, the program established" under the Act shall not "obligate or encumber" three specific state funds. The second sentence states that "[n]othing in the . . . Act creates any obligation" to fulfill the terms of investment agreements or prepaid tuition contracts out of any source except for the Fund. Section 21-21K-3(C). In our view, Section 21-21K-3(C) places limits on liability and identifies sources of recovery. This does not, however, wholly foreclose the possibility of a suit for breach of contract, as the State contends. *See Handmaker*, 1999-NMSC-043, ¶¶ 13-14 (describing immunity from suit as "an entitlement not to stand trial or face the other burdens of litigation" (internal quotation marks and citation omitted)). We disagree with the State's position that these limits give rise to governmental immunity from suit; the mere fact that recovery may be limited does not mean that the State is entitled to complete immunity from suit.

**{13}** Furthermore, we agree with Plaintiffs' argument that the district court's reasoning was flawed in that the court improperly applied the specific/general rule of statutory construction to Section 21-21K-3(C) as a basis for granting immunity to the State. The general/specific rule provides that when two statutes deal with the same subject matter, the "statute dealing with a specific subject will be considered an exception to, and given effect over, [the] more general statute." *Albuquerque Commons P'ship v. City Council of City of Albuquerque*, 2011-NMSC-002, ¶ 23, 149 N.M. 308, 248 P.3d 856 (internal quotation marks and citation omitted); *Stinbrink v. Farmers Ins. Co. of Ariz.*, 111 N.M. 179, 182, 803 P.2d 664, 667 (1990). In addition, the general/specific rule applies only when the two statutory provisions are in conflict. *State ex rel. Madrid v. UU Bar Ranch Ltd. P'ship*, 2005-NMCA-079, ¶ 20, 137 N.M. 719, 114 P.3d 399; *see State v. Santillanes*, 2001-NMSC-018, ¶ 11, 130 N.M. 464, 27 P.3d 456 (stating that the "primary goal of the general/specific statute rule is to determine legislative intent in the context of potentially *conflicting* laws" and that the rule "provides a method to resolve an otherwise irreconcilable conflict between statutes" (emphasis added)). Here, the district court indicated in its oral ruling that it found that Section 21-21K-3(C) was a specific statute that overrode Section 37-

6

1-23(A), the general statute regarding governmental immunity for contract actions. We conclude that it was improper for the district court to apply the general/specific rule because the statutes do not deal with the same subject matter, nor are the statutes in conflict.

**{14}** We acknowledge that the State has raised a number of arguments grounded in public policy and legislative intent in an effort to argue that Section 21-21K-3(C) gives rise to sovereign immunity in this case. In particular, the State has argued in its answer brief and at oral argument before this Court that imposing liability on the State in this matter would be against public policy, leads to inequitable results by requiring conversion of funds of non-party investors, contravenes legislative intent, and implicates separation of power issues by ultimately requiring an appropriation from the Legislature in order to satisfy an adverse judgment. After careful consideration of the State's arguments, we conclude that these arguments are grounded in liability and not in governmental immunity from suit. That is, whether Plaintiffs have stated a claim for which relief can be granted, or as here, for which there is no remedy because the State alleges that it has immunity from liability, is a legally different question from whether sovereign immunity exists or whether the district court has subject matter jurisdiction over the case. Only the latter question is properly before us in this appeal, and we therefore decline, at this juncture, to delve into an inquiry of whether dismissal of the State is appropriate because Plaintiffs cannot obtain any relief from the State.

**{15}** Based on the foregoing, we conclude that Section 21-21K-3(C) includes neither an express nor an implied grant of sovereign immunity. Under the arguments advanced by the State in its Rule 1-012(B)(1) motion to dismiss, we see no other basis for the district court to lack subject matter jurisdiction over this case. We therefore hold that the district court erroneously dismissed the State as a defendant on the basis of sovereign immunity.

**CONCLUSION**

**{16}** We reverse the district court's order in its entirety and remand for further proceedings consistent with this Opinion.

**{17}    IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____
**J. MILES HANISEE, Judge**

**Topic Index for *Lu v. Educ. Trust Bd. of N.M.*, No. 31,363**

**APPEAL AND ERROR**
Standard of Review

**CIVIL PROCEDURE**
Class Action
Motion to Dismiss

**CONTRACTS**
Breach

**GOVERNMENT**
Education and Schools
Sovereign Immunity

**JURISDICTION**
Subject Matter

**STATUTES**
Interpretation
Legislative Intent
Rules of Construction