This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**AUSTIN LAND DEVELOPMENT COMPANY, INC., and its successors in interest, BILL ESTES, M, M. & M INVESTMENT CO., DARLAN GATHINGS, and DESIREE GATHINGS,**

Plaintiffs-Appellants,

v.                                                                  **NO. 32, 601**

**NAVAJO TRIBAL UTILITY AUTHORITY, a Navajo Nation Enterprise,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Karen L. Townsend, District Judge**

Kelley Law Offices
Cody K. Kelley
Albuquerque, NM

for Appellants

Nordhaus Law Firm, LLP
Alan R. Taradash
Daniel I.S.J. Rey-Bear
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**VANZI, Judge.**

{1}     Plaintiffs appeal from an order dismissing the underlying proceedings. We issued a notice of proposed summary disposition, proposing to uphold the ruling of the district court. Plaintiffs have filed a memorandum in opposition, and the Navajo Tribal Utility Authority (NTUA) filed a memorandum in support. After due consideration, we affirm.

{2}     Below, the district court concluded that the NTUA is immune from suit, such that it lacked subject matter jurisdiction. In our notice of proposed summary disposition we observed that the district court's determination is well supported. *See Gallegos v. Pueblo of Tesuque*, 2002-NMSC-012, ¶ 7, 132 N.M. 207, 46 P.3d 668 ("Without an unequivocal and express waiver of sovereign immunity or congressional authorization, state courts lack the power to entertain lawsuits against tribal entities."); *Armijo v. Pueblo of Laguna*, 2011-NMCA-006, ¶ 12, 149 N.M. 234, 247 P.3d 1119 ("The locus of the Pueblo's activity does not determine the applicability of tribal sovereign immunity."); *Hoffman v. Sandia Resort & Casino*, 2010-NMCA-034, ¶ 12, 148 N.M. 222, 232 P.3d 901 ("Corporate entities under tribal control are extended the

same sovereign immunity as the tribe itself."); *Sanchez v. Santa Ana Golf Club, Inc.*, 2005-NMCA-003, ¶ 7, 136 N.M. 682, 104 P.3d 548 ("Tribal entities may not be sued absent consent to be sued.").

{3}    In their memorandum in opposition we understand Plaintiffs to continue to argue that the exercise of jurisdiction by the district court in this case would not infringe upon tribal sovereignty, because this case involves a claim of trespass outside of tribal lands and because it involves a tribal business enterprise's relationship with nonmembers. [MIO 3-5]  However, as we previously observed in the notice of proposed summary disposition and as the authorities cited above clearly reflect, neither the locus of the disputed activity on privately-owned fee land or the status of the NTUA as a business enterprise diminish the NTUA's entitlement to immunity. *See Armijo*, 2011-NMCA-006, ¶ 12; *Hoffman*, 2010-NMCA-034, ¶ 12.  None of the various out-of-state cases cited by Plaintiffs, addressing different issues in different contexts, [MIO 3-5] persuade us that any departure from our own well-established jurisprudence is warranted.  We therefore conclude that the underlying proceedings were properly dismissed for want of subject matter jurisdiction.  *See generally Gallegos*, 2002-NMSC-012, ¶ 36 (concluding that sovereign immunity precludes subject matter jurisdiction and affirming the district court's dismissal for lack of subject matter jurisdiction).

{4} Accordingly, for the reasons stated above and in the notice of proposed summary disposition, we affirm.

{5} **IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Judge**

**WE CONCUR:**


_____
**MICHAEL D. BUSTAMANTE, Judge**


_____
**M. MONICA ZAMORA, Judge**