This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**PEGGY A. and TIMOTHY A. REED,**

    Plaintiffs-Appellants,

v.                **NO. 28,249**

**ROBERT GUTIERREZ and
PUEBLO OF SANTA CLARA,
NEW MEXICO,**

    Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Valerie Mackie Huling, District Judge**

Streubel Kochersberger
& Mortimer, LLC
David A. Streubel
Kallie L. Dixon
Albuquerque, NM

for Appellants

The Law Offices of
Robert Bruce Collins
Robert Bruce Collins
Holly R. Harvey
Albuquerque, NM

for Appellees

**MEMORANDUM OPINION**

**FRY, Chief Judge.**

In this case, we determine whether the doctrine of tribal sovereign immunity shields Defendant Pueblo of Santa Clara, New Mexico (the Pueblo) and its employee, Defendant Robert Gutierrez, from liability for an off-reservation tort. We hold pursuant to *Kiowa Tribe of Oklahoma v. Manufacturing Technologies, Inc.*, 523 U.S. 751 (1998), that they are immune from the claims of Plaintiffs Peggy and Timothy Reed and affirm the district court.

**BACKGROUND**

We consider this matter on appeal from the district court's order of dismissal pursuant to Rule 1-012(B)(6) NMRA. For purposes of this appeal, all relevant facts are undisputed. *See, e.g.*, *N.M. Pub. Sch. Ins. Auth. v. Arthur J. Gallagher & Co.*, 2008-NMSC-067, ¶ 11, 145 N.M. 316, 198 P.3d 342 (courts "accept as true all well-pleaded fact[s]" in an appeal of a Rule 1-012(B)(6) motion).

On November 29, 2005, Pueblo employee Gutierrez operated a vehicle owned by the Pueblo while conducting tribal business within the course and scope of his employment. Just past noon that day, he improperly turned into oncoming traffic and injured Plaintiff Peggy Reed and, derivatively, her husband, Plaintiff Timothy Reed.

This did not occur within the geographical boundaries of the Pueblo's territory, but within the State of New Mexico.

In the district court, Defendants invoked the doctrine of tribal sovereign immunity and sought to dismiss Plaintiffs' claims. The district court granted Defendants' motion.

On appeal, Plaintiffs attack the doctrine of tribal sovereign immunity, arguing that (1) this Court should ignore the doctrine in its entirety, and (2) in the alternative, this Court should limit the doctrine to exclude off-reservation torts committed by tribes.

**DISCUSSION**

**Standard of Review**

We apply a de novo standard of review to dismissals under Rule 1-012(B)(6). In doing so, "we accept as true all well-pleaded factual allegations in the complaint and resolve all doubts in favor of the complaint's sufficiency." *N.M. Pub. Sch. Ins. Auth.*, 2008-NMSC-067, ¶ 11; *Valdez v. State*, 2002-NMSC-028, ¶ 4, 132 N.M. 667, 54 P.3d 71. Dismissal under Rule 1-012(B)(6) is proper when a plaintiff would be legally precluded from obtaining "relief under any state of facts provable under the claim." *N.M. Pub. Sch. Ins. Auth.*, 2008-NMSC-067, ¶ 11 (internal quotation marks and citation omitted). We similarly apply a de novo standard to "the legal question

3

of whether an Indian tribe, or an entity under the tribe's control, possesses sovereign immunity." *Sanchez v. Santa Ana Golf Club, Inc.*, 2005-NMCA-003, ¶ 4, 136 N.M. 682, 104 P.3d 548.

**Tribal Sovereign Immunity**

The doctrine of tribal sovereign immunity is well-established. *See Kiowa Tribe of Okla.*, 523 U.S. at 764 (Stevens, J., dissenting); *Gallegos v. Pueblo of Tesuque*, 2002-NMSC-012, ¶ 7, 132 N.M. 207, 46 P.3d 668. "Without an unequivocal and express waiver of sovereign immunity or congressional authorization, tribal entities are immune from suit." *Sanchez*, 2005-NMCA-003, ¶ 5. Congress maintains "ultimate authority over Indian affairs, and, thus, . . . can expressly authorize suits against Indian tribes through legislation." *Gallegos*, 2002-NMSC-012, ¶ 7. A tribe may waive its sovereign immunity and unequivocally express consent to suit. "Thus, tribal immunity is a matter of federal law and is not subject to diminution by the states." *Id.*

The United States Supreme Court's opinion in *Kiowa* controls our holding today. In that case, the Court considered a contract, apparently negotiated outside the reservation's boundaries, between an Indian tribe and a non-tribal business entity. *Kiowa Tribe of Okla.*, 523 U.S. at 753-54. After signing a promissory note, the tribe defaulted and was sued in state court. *Id.* at 754. The tribe argued that sovereign

4

immunity barred suit under the circumstances, and on certiorari, the United States Supreme Court agreed. *Id.* at 753-54. Reaffirming the notion that states may not abrogate tribal immunity in any way, the Court held that "the immunity possessed by Indian tribes is not coextensive with that of the [s]tates." *Id.* at 756. Such immunity exists both on and off the reservation and may only be circumvented by an act of Congress or waiver by the tribe itself. *Id.* at 760.

Since *Kiowa's* publication, New Mexico courts have cited it repeatedly. For instance, in *Srader v. Verant*, our Supreme Court determined that certain Indian tribes were indispensable parties that could not be joined in a lawsuit by aggrieved casino patrons because of sovereign immunity. 1998-NMSC-025, ¶¶ 1, 23, 125 N.M. 521, 964 P.2d 82. Citing *Kiowa*, the Court held that "[s]overeign immunity precludes joining the gaming tribes in this case. As sovereigns, Indian tribes are immune from suit absent Congressional authorization or an effective waiver in tribal, state, or federal court." *Srader*, 1998-NMSC-025, ¶ 29; *see Sanchez*, 2005-NMCA-003, ¶¶ 1-2, 5 (citing *Kiowa* and holding that a tribe was immune from a wrongful discharge suit in state court); *see also Antonio v. Inn of the Mountain Gods Resort & Casino*, 2010-NMCA-077, ¶¶ 9-10, ___ N.M. ___, ___ P.3d ___ (affirming dismissal of workers' compensation claim against a tribe on the basis of sovereign immunity and noting that "the question of whether a tribe's activity occurred on or off the reservation has been

rendered inconsequential under *Kiowa*"). Given this authority, we decline Plaintiffs' invitation to ignore the holding in *Kiowa*.

Plaintiffs alternatively argue that *Kiowa*, because it involved a contract dispute, does not apply to off-reservation torts. They direct our attention to *Padilla v. Pueblo of Acoma*, 107 N.M. 174, 754 P.2d 845 (1988), *abrogated by Gallegos*, 2002-NMSC-012, ¶ 25. In that case, decided prior to *Kiowa*, our Supreme Court refused to apply the doctrine of tribal sovereign immunity and held that a pueblo was liable in state court for its off-reservation conduct. *Padilla*, 107 N.M. at 179-80, 754 P.2d at 850-51. Framing its holding as "solely a matter of comity," the Court concluded that because the state subjects itself to suit on such claims, the pueblo should likewise be required to submit to suit for acts occurring outside reservation boundaries. *Id.* Plaintiffs argue that if this Court chooses to recognize the doctrine of tribal sovereign immunity, *Kiowa* reversed *Padilla* only insofar as *Kiowa* dealt with contract cases.

We do not agree. *Kiowa* explicitly denounced the applicability of comity in the tribal sovereign immunity context, stating that a tribe's sovereign immunity "is not coextensive with that of the [s]tates." 523 U.S. at 756. Because the holding in *Padilla* rests on a principle rejected by *Kiowa*, *Padilla* no longer controls this issue. *See Gallegos*, 2002-NMSC-012, ¶ 25 (acknowledging that *Kiowa* implicitly overruled *Padilla*).

We acknowledge that some controversy surrounds the idea of immunizing tribes from the consequences of their off-reservation conduct. *See, e.g.*, *Kiowa*, 523 U.S. at 764 (Stevens, J., dissenting) (observing that none of the Court's prior opinions "attempted to set forth any reasoned explanation for a distinction between the [s]tates' power to regulate the off-reservation conduct of Indian tribes and the [s]tates' power to adjudicate disputes arising out of such off-reservation conduct"). Nevertheless, we believe that the majority opinion in *Kiowa* and New Mexico precedent interpreting *Kiowa* compel the conclusion that tribal sovereign immunity extends to off-reservation torts. *See Gallegos*, 2002-NMSC-012, ¶ 7 (stating that "tribal immunity is a matter of federal law and is not subject to diminution by the states").

**Defendant Gutierrez**

Plaintiffs argue in their reply brief that tribal immunity should not extend to Defendant Gutierrez, an employee of the tribe, because insulating an employee "does not further [the] reasons" underlying sovereign immunity. We decline to address this argument for two reasons. First, Plaintiffs do not support their argument with citation to authority. *See ITT Educ. Servs., Inc. v. Taxation & Revenue Dep't*, 1998-NMCA-078, ¶ 10, 125 N.M. 244, 959 P.2d 969 (explaining that appellate courts need not address arguments that are unsupported by authority). Second, we will not ordinarily

consider an argument raised for the first time in a reply brief. *Mitchell-Carr v. McLendon*, 1999-NMSC-025, ¶ 29, 127 N.M. 282, 980 P.2d 65.

**CONCLUSION**

For the reasons stated above, we affirm the district court's judgment dismissing Plaintiffs' claims against Defendants.

**IT IS SO ORDERED.**

_____

**CYNTHIA A. FRY, Chief Judge**

**WE CONCUR**:

_____

**JAMES J. WECHSLER, Judge**

_____

**TIMOTHY L. GARCIA, Judge**